# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DINESH BANURS, Individually and on Behalf of All Others Similarly Situated

**(b)** County of Residence of First Listed Plaintiff: **United Arab Emirates**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeremy A. Lieberman, Pomerantz LLP, 600 Third Ave., 20th Fl., New York, NY 10016, T.: (212) 661-1100

## DEFENDANTS
LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA

County of Residence of First Listed Defendant: **New York, NY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 850 Securities/Commodities/Exchange

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

Brief description of cause:
Violations of the federal securities laws.

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: May 10, 2024
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeremy A. Lieberman

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Jeremy A. Lieberman, counsel for Plaintiff Dinesh Banurs, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

None.

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that
"Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 1(d)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: _____.

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes   ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

Signature: /s/ Jeremy A. Lieberman

Last Modified: 11/27/2017