**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINESH BANURS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:24-cv-03470-VMS |
| | Hon. Vera M. Scanlon |
| LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, | |
| Defendants. | |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| | Case No.: 1:24-cv-03725-FB-VMS |
| v. | |
| | Hon. Frederic Block |
| LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF ASSETS MANAGEMENT LLC'S
MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.     FACTUAL BACKGROUND ....................................................................................... 2

II.    PROCEDURAL HISTORY ....................................................................................... 3

III.   ARGUMENT .............................................................................................................. 4

   A.   Consolidation of the Actions Is Appropriate ..................................................... 4

   B.   Appointing Movant as Lead Plaintiff Is Appropriate ........................................ 5

      1.   Movant Filed a Timely Motion. .................................................................... 6

      2.   Movant Has the Largest Financial Interest in the Relief Sought. ............... 7

      3.   Movant Satisfies the Relevant Requirements of Rule 23. ........................... 7

         a.   Movant's Claims Are Typical. ............................................................ 8

         b.   Movant Is An Adequate Representative. ............................................ 9

   C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 9

IV.    CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) .................................................................. 6, 7

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................... 9

*In re E-Trade Financial Corp.* Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.) ................................................................................. 10

*Ferrari v. Impath, Inc.,*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ...................................... 4

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) .............. 8

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................... 8

*Gurevitch v. KeyCorp, et al.*,
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .................................................... 10

*Jaramillo v. Dish Network Corporation, et al.*,
  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ...................................................... 10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .......................................................................... 4, 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) .................. 8

*Martin v. BioXcel Therapeutics, Inc. et al.,*
  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ........................................................ 10

*Martingano v. Am. Int'l Grp., Inc.,*
  Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Peifa Xu v. FibroGen, Inc.,*
  No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034 (N.D. Cal. Aug. 30, 2021) ............. 6

*Petersen v. Stem, Inc. et. al.,*
  No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ...................................................... 10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .......................................................... 10

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .......................................................... 10

*In re Tesla Inc. Securities Litigation*,
No. 3:18-cv-4865 (N.D. Cal.) .................................................................................. 10

*Thant v. Rain Oncology Inc. et al.*,
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................ 10

*Thant v. Veru, Inc. et al.*,
No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................................... 10

*In re U.S. Steel Securities Litigation*,
No. 2:17-579-CB (W.D. Pa.) .................................................................................... 10

*Villanueva v. Proterra Inc. et al.*,
No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ........................................................ 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................*passim*

**Rules**

FED. R. CIV. P. 23........................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 42(a) ............................................................................................ 4, 5

Assets Management LLC ("Movant") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Li Auto Inc. ("Li Auto" or the "Company") securities, including purchasers of options and/or sales of options, between February 26, 2024 and May 20, 2024, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Li Auto, Xiang Li ("X. Li"), Tie Li ("T. Li"), and Donghui Ma ("Ma") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that it is the "most

---

[1] The action entitled *Banurs v. Li Auto Inc., et. al.,* Case No. 1:24-cv-03470-VMS (the "*Banurs* Action") defines the Class Period as February 26, 2024 through March 20, 2024, inclusive. The action styled *Chaudhary v. Li Auto Inc., et al.,* Case No. 1:24-cv-03725-FB-VMS (the "*Chaudhary* Action") defines the Class Period as February 26, 2024 through May 20, 2024, inclusive. Movant adopts the most-inclusive Class Period defined in the *Chaudhary* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.     FACTUAL BACKGROUND[2]

Li Auto operates in the energy vehicle market in the People's Republic of China ("China") and designs, develops, manufactures, and sells smart electric vehicles. ¶ 2. The Company's product line includes multi-purpose vehicles ("MPVs") and sport utility vehicles ("SUVs"). *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Li Auto had overstated the demand for its vehicles and the efficacy of its operating strategy in launching the Li MEGA; (ii) accordingly, the Company was unlikely to meet its Q1 2024 vehicle deliveries estimate; (iii) the foregoing, once revealed, was likely to have a material negative impact on the Company's financial condition; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On March 21, 2024, Li Auto issued a press release disclosing that, "[d]ue to lower-than-

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Banurs* Complaint") filed in the *Banurs* Action. Citations to "*Chaudhary* ¶ __" are to paragraphs of the Class Action Complaint (the "*Chaudhary* Complaint") filed in the *Chaudhary* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Banurs* and *Chaudhary* Complaints. The facts set forth in the *Banurs* and *Chaudhary* Complaints are incorporated herein by reference.

2

expected order intake, the Company now expects its vehicle deliveries for the first quarter of 2024 to be between 76,000 and 78,000 vehicles, revised from the previous vehicle delivery outlook of between 100,000 and 103,000 vehicles." ¶ 5. In addition, the Company stated that the Li MEGA had an operating strategy that was "mis-paced," noting that operations were planned as if the model had already entered the "scaling phase" of sales—that is, the phase focusing mainly on customer acquisition, team building, and operational efficiency for sustainable growth—while it was still in the early "validation" period, during which the Company would focus on creating a product market fit by idea validation and product refinement. *Id.* Further, the Company stated that it will revert to the validation phase of sales by shifting its focus toward its core user group, target sales to cities with stronger purchasing power, and then will look to expand to a broader user base. *Id.*

In response to this news, Li Auto's American Depositary Share ("ADS") price declined 7.48%, or $2.55 per ADS, to close on March 21, 2024 at $31.53 per ADS. ¶ 6.

Then, before the market opened on May 20, 2024, Li Auto issued a press release in which it announced that its profit for the first quarter of 2024 had declined by 46%, as compared to the fourth quarter of 2023. *Chaudhary* ¶ 7.

As the market digested this news, the price of Li Auto's ADS price dropped $3.18 per ADS, or 12.77%, to close on May 20, 2024 at $21.71 per ADS. *Chaudhary* ¶ 8.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Banurs* Action against the Defendants, Plaintiff Dinesh Banurs ("Banurs") commenced the first-filed action on May 10, 2024. On that same day, counsel acting on Banurs' behalf published a notice on *Newsfile Corp.* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

3

On May 23, 2024, a substantially similar action was filed against Li Auto in this Court, the *Chaudhary* Action, expanding the Class Period, as well as the Class Definition to include investors who also purchased and/or sold options of Li Auto. Movant has requested consolidation of the *Banurs* and *Chaudhary* Actions.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and

misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of its knowledge, the largest financial interest in this litigation—having lost $42,285.45 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Movant respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On May 10, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Banurs published the Press Release on *Newsfile Corp.*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Li Auto securities that they had 60 days from the publication of the May 10, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Peifa Xu v. FibroGen, Inc.*, No. 21-cv-02623-EMC, 2021 U.S. Dist. LEXIS 164034, at *11-12 (N.D. Cal. Aug. 30, 2021) (granting a motion for appointment as lead plaintiff where plaintiff filed notice of the action on *Newsfile*).

Movant timely filed its motion within the 60-day period following publication of the May 10, 2024 Press Release and submitted herewith a sworn certification attaching its transactions in Li Auto securities and attesting that it is willing to serve as representative of the Class. *See* PSLRA

6

Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Li Auto securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $42,285.45. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that it has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses

7

of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Li Auto's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Li Auto securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

8

**b.      Movant Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, Mr. Eugene Maftsir, on behalf of Movant, considers himself to be a sophisticated investor, having been investing in the stock market for 33 years. He resides in Franklin Lakes, New Jersey, and possesses a PhD in math. Mr. Maftsir is currently employed as the general manager of Assets Management LLC. Further, Mr. Maftsir has experience overseeing attorneys, as he has hired attorneys for miscellaneous matters. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

**C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

9

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest

10

caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.


Dated: July 9, 2024                                    Respectfully Submitted,


                                                       **LEVI & KORSINSKY, LLP**

                                                       By: */s/ Adam M. Apton*
                                                       Adam M. Apton
                                                       33 Whitehall Street, 17th Floor
                                                       New York, NY 10004
                                                       Tel: (212) 363-7500
                                                       Fax: (212) 363-7171
                                                       Email: aapton@zlk.com

                                                       *Lead Counsel for Assets Management LLC*
                                                       *and [Proposed] Lead Counsel for the Class*

11