UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINESH BANURS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA,<br><br>Defendants. | Case No.  1:24-cv-03470-VMS |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA,<br><br>Defendants. | Case No.  1:24-cv-03725-FB-JRC |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF XU BO
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF LEAD COUNSEL

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
           ALL PURPOSES ............................................................................................. 5

    II.     BO SHOULD BE APPOINTED LEAD PLAINTIFF ........................................... 6

           A.      Bo Is Willing to Serve as Class Representative ......................................... 7

           B.      Bo Has the "Largest Financial Interest" ...................................................... 7

           C.      Bo Otherwise Satisfies the Requirements of Rule 23 ............................... 8

           D.      Bo Will Fairly and Adequately Represent the Interests of the
                 Class and Is Not Subject to Unique Defenses ......................................... 11

    III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
           BE APPROVED ............................................................................................. 12

CONCLUSION ...................................................................................................................... 13

TABLE OF AUTHORITIES

Page(s)

Cases

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................9

*Banurs v. Li Auto Inc. et al.*,
No. 1:24-cv-03470 (E.D.N.Y.) ..................................................................................1, 3, 7, 9

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ........................................................................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) ......................................................................................10

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................................5

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ............................8

*Chaudhary v. Li Auto Inc. et al.*,
No. 1:24-cv-03725 (E.D.N.Y.) ....................................................................................1, 3, 9

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ......................................10

*Fischler v. AMSouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997).....................................9

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) ......................................................................................10

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) .....................................................................................9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................8

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................8, 13

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992)................................................................................................9

ii

*In re GE Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ................................5, 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ...........................................................................................12

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................8, 9

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) .....................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................................9

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.)...........................................................................................12, 13

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) .............................................................................................5

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ...........................................................................................10

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)...................................................................................................5

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ...........................................................................................12

*Klein v. Altria Group, Inc. et al*,
   No. 3:20-cv-00075 (E.D. Va.) ...............................................................................................13

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)......................................................8

*Malcolm v. Nat'l Gypsum Co.*,
   995 F.2d 346 (2d Cir. 1993).....................................................................................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) .......................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ......................................................................12

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ..................................................... *passim*

Securities Exchange Act of 1934 .......................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ...................................................................................... *passim*

Fed. R. Civ. P. 42 ........................................................................................1, 5

Xu Bo ("Bo") respectfully submits this memorandum of law in support of his motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Bo as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities that purchased or otherwise acquired Li Auto Inc. ("Li Auto" or the "Company") securities between February 26, 2024 and May 20, 2024, inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

PRELIMINARY STATEMENT

The complaints in the *Banurs* and *Chaudhary* Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Li Auto investors, including Bo, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Li Auto's share price to fall sharply, damaging Bo and other Li Auto investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the

---

[1] On May 10, 2024, the first-filed of the Related Actions was filed in this Court, styled *Banurs v. Li Auto Inc. et al.*, No. 1:24-cv-03470 (E.D.N.Y.) (the "*Banurs* Action"), alleging a class period including all persons and entities that purchased or otherwise acquired Li Auto securities between February 26, 2024 and March 20, 2024, inclusive. *See* Dkt. No. 1 at 1 ¶ 1. Then, on May 23, 2024, a second action alleging substantially the same wrongdoing as the *Banurs* Action against the same defendants was filed in this Court, styled *Chaudhary v. Li Auto Inc. et al.*, No. 1:24-cv-03725 (E.D.N.Y.) (the "*Chaudhary* Action"), on behalf of a class consisting of all purchasers of Li Auto securities, "including purchasers of options and/or sales of options," between February 26, 2024 and May 20, 2024, inclusive. *See Chaudhary* Action, Dkt. No. 1 at 1 ¶ 1. Therefore, without conceding that this is the appropriate class period, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Chaudhary* Action.

1

Exchange Act by the same defendants arising from substantially the same alleged fraud. As such, the Related Actions involve common questions of both law ***and*** fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Bo purchased 79,500 shares of Li Auto stock, expended $2,915,110 on these purchases, retained 2,000 of his shares of Li Auto stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $340,706 in connection with his Class Period transactions in Li Auto securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, Bo believes that he has the largest financial interest in the relief sought in this litigation. Beyond his considerable financial interest, Bo also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Bo has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Bo respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Bo as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

2

STATEMENT OF FACTS

As alleged in the complaints in the *Banurs* and *Chaudhary* Actions, Li Auto operates in the energy vehicle market in the People's Republic of China and designs, develops, manufactures, and sells smart electric vehicles.  The Company's product line includes multi-purpose vehicles and sport utility vehicles.

In early 2024, Li Auto made a series of announcements touting the purportedly high demand for its electric vehicles and representing that the Company was "consistently improving operating efficiency throughout the year."  In late February 2024, Li Auto announced that it expected to deliver between 100,000 and 103,000 vehicles in the first quarter of 2024, "representing an increase of 90.2% to 95.9% from the first quarter of 2023."  Shortly thereafter, on March 1, 2024, Li Auto launched its first battery electric vehicle model, the Li MEGA. According to the Company, the Li MEGA "provides big families with a blend of energy replenishment experience as efficient as traditional [internal combustion engine] vehicle refueling, next-generation design and exceptionally low drag coefficient, roomy and comfortable space, flagship-level performance and safety features, and superior intelligent experience."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Li Auto had overstated the demand for its vehicles and the efficacy of its operating strategy in launching the Li MEGA; (ii) accordingly, the Company was unlikely to meet its Q1 2024 vehicle deliveries estimate; (iii) the foregoing, once revealed, was likely to have a material negative impact on the Company's financial condition; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On March 21, 2024, Li Auto issued a press release disclosing that, "[d]ue to lower-than-expected order intake, the Company now expects its vehicle deliveries for the first quarter of 2024 to be between 76,000 and 78,000 vehicles, revised from the previous vehicle delivery outlook of between 100,000 and 103,000 vehicles." In addition, the Company stated that the Li MEGA had an operating strategy that was "mis-paced," noting that operations were planned as if the model had already entered the "scaling phase" of sales—that is, the phase focusing mainly on customer acquisition, team building, and operational efficiency for sustainable growth—while it was still in the early "validation" period, during which the Company would focus on creating a product market fit by idea validation and product refinement. Further, the Company stated that it will revert to the validation phase of sales by shifting its focus toward its core user group, target sales to cities with stronger purchasing power, and then will look to expand to a broader user base.

On this news, Li Auto's American Depositary Share ("ADS") price fell $2.55 per ADS, or 7.48%, to close at $31.53 per ADS on March 21, 2024.

Then, on May 20, 2024, before the market opened, Li Auto issued a press release in which it announced that its profit for the first quarter of 2024 had declined by 46%, as compared to the fourth quarter of 2023.

On this news, the price of Li Auto's ADS price fell $3.18 per ADS, or 12.77%, to close at $21.71 per ADS on May 20, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Bo and other Class members have suffered significant losses and damages.

4

ARGUMENT

I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the same defendants in connection with violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the prices of Li

Auto's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.      BO SHOULD BE APPOINTED LEAD PLAINTIFF

Bo should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this litigation to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

6

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Bo satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.     Bo Is Willing to Serve as Class Representative

On May 10, 2024, Pomerantz, counsel for plaintiff in the *Banurs* Action, caused the statutorily required Notice of this litigation to be published via *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Li Auto and other defendants, and which advised investors in Li Auto securities that they had 60 days from the date of the Notice's publication—*i.e.*, until July 9, 2024—to file a motion to be appointed as lead plaintiff.  *See* Lieberman Decl., Ex. B.

Bo has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Bo satisfies the first requirement to serve as Lead Plaintiff of the Class.

B.     Bo Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Bo has the largest financial interest of any Li Auto investor or investor group seeking to serve as

7

Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[2] these so-called *Lax* factors have been adopted and routinely applied by courts in this District.  *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Bo: (1) purchased 79,500 shares of Li Auto stock; (2) expended $2,915,110 on his purchases of Li Auto stock; (3) retained 2,000 of his shares of Li Auto stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $340,706 in connection with his Class Period transactions in Li Auto securities. *See* Lieberman Decl., Ex. A.  To the extent that Bo possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.      Bo Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

---

[2] *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001).

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v. AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296. Moreover, the complaints in the *Banurs* and *Chaudhary* Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Bo.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960

F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Bo's claims are typical of those of the Class. Bo alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Li Auto, or by omitting to state material facts necessary to make the statements they did make not misleading. Bo, like other Class members, purchased Li Auto securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Li Auto's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

10

As set forth in greater detail below, in Pomerantz, Bo has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz, Bo is also represented by the Chinese law firm the Hao Law Firm ("Hao") in this litigation.  Should the Court appoint Bo as Lead Plaintiff and appoint his chosen selection of counsel, Pomerantz, as Lead Counsel in this Action, Pomerantz will utilize Hao's services as a Chinese law firm to assist with document translation and provide investigative services in China, where Li Auto is headquartered, thereby providing important litigation advantages to both Bo and the Class. There is no evidence of antagonism or conflict between Bo's interests and those of the Class. Moreover, Bo has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Bo has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

D.     Bo Will Fairly and Adequately Represent the Interests of the Class and Is Not
       Subject to Unique Defenses

The presumption in favor of appointing Bo as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Bo's ability and desire to fairly and adequately represent the Class has been discussed above.  Bo is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Bo should be appointed Lead Plaintiff for the Class.

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Bo has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Lieberman Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re*

12

*Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in these Related Actions, Bo's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Bo's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Bo respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Bo as Lead Plaintiff for the Class; and (3) approving Bo's selection of Pomerantz as Lead Counsel for the Class.

Dated: July 9, 2024                    Respectfully submitted,

                                       POMERANTZ LLP

                                       */s/ Jeremy A. Lieberman*
                                       Jeremy A. Lieberman
                                       J. Alexander Hood II
                                       Thomas H. Przybylowski
                                       600 Third Avenue, 20th Floor
                                       New York, New York 10016
                                       Telephone: (212) 661-1100
                                       Facsimile: (917) 463-1044
                                       jalieberman@pomlaw.com

13

ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Xu Bo and Proposed Lead Counsel for the Class*

HAO LAW FIRM
Junbo Hao
Room 3-401 No. 2 Building,
No. 1 Shuangliubei Street
100024 Beijing
People's Republic of China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

*Additional Counsel for Xu Bo*

14