**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINESH BANURS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA,<br><br>Defendants. | Case No. 1:24-cv-03470-VMS |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA,<br><br>Defendants. | Case No. 1:24-cv-03725-FB-VMS |

**CHARLES HANNA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................ 3

ARGUMENT ...................................................................................................................... 5

I.     THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ..................... 5

II.    HANNA IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE
       CLASS ...................................................................................................................... 6

       A.     The PSLRA Standard For Appointing Lead Plaintiff ................................................ 6

       B.     Under the PSLRA, Hanna Should be Appointed Lead Plaintiff ............................... 8

              1.     Hanna Filed a Timely Motion ...................................................................... 8

              2.     Hanna Has the Largest Financial Interest in the Relief Sought by the
                     Class ............................................................................................................ 9

              3.     Hanna Meets Rule 23's Typicality and Adequacy Requirements .............. 9

III.   HANNA'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD
       BE APPROVED .......................................................................................................... 12

CONCLUSION .................................................................................................................. 15

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                                            **Page(s)**

*Baughman v. Pall Corp.*,
  250 F.R.D. 121 (E.D.N.Y. 2008) ...............................................................................................7, 8, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) .............................................................................................6, 10, 11

*Ferreria v. Funko, Inc.*,
  No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020).......................2

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ..................................................................................................7

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................8, 9, 10

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...........................6, 9, 11

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ..................................................................................................2

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ...................................................................................................6

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
  No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011).........................11

*Levine v. AtriCure, Inc.*,
  508 F. Supp. 2d 268 (S.D.N.Y. 2007).........................................................................................7

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993).........................................................................................................6

*May v. Barclays PLC.*,
  No. 23-cv-2583 (LJL), 2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023) ......................................8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................................9

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
  275 F.R.D. 187 (S.D.N.Y. 2011) ................................................................................................11

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
  No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010).......................10

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ....................................10

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014).....................................................................................12

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015)..................................................................................9, 10

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .........................................................................................6, 7

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) .................................................................................................13

**Statutes**

15 U.S.C. § 78u-4(a) ...................................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 42(a) ...............................................................................................................2, 6

Fed. R. Civ. P. 23(a)(4).............................................................................................................11

Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*,
    Law360 (July 16, 2020) ........................................................................................................15

Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
    Bloomberg Law (July 30, 2020) ...........................................................................................15

Charles Hanna ("Hanna") respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an Order: (1) consolidating the above-captioned, related actions (the "Actions");[1] (2) appointing Hanna as Lead Plaintiff in the Actions; and (3) approving Hanna's selection of Faruqi & Faruqi, LLP as Lead Counsel for the Class.[2]

## PRELIMINARY STATEMENT

The Actions presently pending before this Court are brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Li Auto, Inc. ("Li Auto" or the "Company," together with Xiang Li, Tie Li and Donghui Ma, the "Defendants") securities, including purchasers of options and/or sales of options between February 26, 2024 and May 20, 2024, inclusive (the "Class Period"), which seeks to recover damages caused by Defendants' violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange

---

[1] The following two Actions are pending before this Court: (1) *Banurs v. Li Auto, Inc., et al.*, No. 1:24-cv-03470-VMS ("*Banurs*"), which was filed on May 10, 2024; and (2) *Chaudhary v. Li Auto, Inc., et al.*, No. 1:24-cv-03725-FB-JRC ("*Chaudhary*"), which was filed on May 23, 2024. The *Banurs* Action is brought on behalf of "all persons and entities other than Defendants that purchased or otherwise acquired Li Auto securities between February 26, 2024 and March 20, 2024, both dates inclusive . . . . seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the [Exchange Act] and Rule 10b-5 promulgated thereunder . . . ." *Banurs*, Class Action Complaint ¶ 1, ECF No. 1 ("*Banurs* Complaint"). The *Chaudhary* Action is brought on behalf of "persons or entities who purchased or otherwise acquired Li Auto securities, including purchasers of options and/or sales of options between February 26, 2024 and May 20, 2024, inclusive . . . . seek[ing] to recover damages caused by Defendants' violations of the federal securities laws under the [Exchange Act]." *Chaudhary*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Chaudhary* Complaint").

[2] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. filed herewith.

Commission ("SEC") Rule 10b-5 promulgated thereunder.[3]

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, promulgated thereunder. The Actions also allege claims involving substantially similar facts. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $481,163.12, Hanna, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Hanna also satisfies Rule 23's typicality and adequacy requirements. Hanna's claims are typical of the Class's claims because he suffered

---

[3]     For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Ferreria v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n.2. (C.D. Cal. June 11, 2020) (quoting *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009)) (finding the "use [of] the most inclusive class period" proper for the purpose of a lead plaintiff motion)). Accordingly, the class period in the *Chaudhary* Complaint governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest.

losses on his Li Auto investment as a result of Defendants' false and misleading statements. Further, Hanna has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Hanna is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Hanna is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Hanna has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Hanna's motion should be granted in its entirety.

## FACTUAL BACKGROUND[4]

Li Auto is incorporated in the Cayman Islands. ¶ 15. Its principal executive offices are located at 11 Wenliang Street, Shunyi District, Beijing 101399, China. *Id*. The Company's American Depositary Shares ("ADSs") trade in an efficient market on the NASDAQ under the ticker symbol "LI". *Id.*

Li Auto operates in the energy vehicle market in the People's Republic of China ("China") and designs, develops, manufactures, and sells smart electric vehicles. ¶ 2. The Company's product line includes multi-purpose vehicles and sport utility vehicles. *Id.*

---

[4]    Unless otherwise noted, references to "¶ __" are to paragraphs in the *Chaudhary* Complaint. The *Banurs* Complaint contains substantially similar information.

3

In early 2024, Li Auto made a series of announcements touting the purportedly high demand for its electric vehicles and representing that the Company was "consistently improving operating efficiency throughout the year." ¶ 3. In late February 2024, Li Auto announced that it expected to deliver between 100,000 and 103,000 vehicles in the first quarter of 2024, "representing an increase of 90.2% to 95.9% from the first quarter of 2023." *Id.* Shortly thereafter, on March 1, 2024, Li Auto launched its first battery electric vehicle model, the Li MEGA. *Id.* According to the Company, the Li MEGA "provides big families with a blend of energy replenishment experience as efficient as traditional [internal combustion engine] vehicle refueling, next-generation design and exceptionally low drag coefficient, roomy and comfortable space, flagship-level performance and safety features, and superior intelligent experience." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Li Auto had overstated the demand for its vehicles and the efficacy of its operating strategy in launching the Li MEGA; (ii) accordingly, the Company was unlikely to meet its Q1 2024 vehicle deliveries estimate; (iii) the foregoing, once revealed, was likely to have a material negative impact on the Company's financial condition; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On March 21, 2024, Li Auto issued a press release disclosing that, "[d]ue to lower-than-expected order intake, the Company now expects its vehicle deliveries for the first quarter of 2024 to be between 76,000 and 78,000 vehicles, revised from the previous vehicle delivery outlook of between 100,000 and 103,000 vehicles." ¶ 5. In addition, the Company stated that the Li MEGA had an operating strategy that was "mis-paced," noting that operations were planned

4

as if the model had already entered the "scaling phase" of sales—that is, the phase focusing mainly on customer acquisition, team building, and operational growth—while it was still in the early "validation" period, during which the Company would focus on creating a product market fit by idea validation and product refinement. *Id.* Further, the Company stated that it will revert to the validation phase of sales by shifting its focus toward its core user group, target sales to cities with stronger purchasing power, and then will look to expand to a broader user base. *Id.*

On this news, Li Auto's ADS price fell $2.55 per ADS, or 7.48%, to close at $31.53 per ADS on March 21, 2024. ¶ 6.

Then, on May 20, 2024, before the market opened, Li Auto issued a press release in which it announced that its profit for the first quarter of 2024 had declined by 46%, as compared to the fourth quarter of 2023. ¶ 7.

On this news, the price of Li Auto's ADS price fell $3.18 per ADS, or 12.77%, to close at $21.71 per ADS on May 20, 2024. ¶ 8.

Through the Action, Hanna seeks to recover for himself and absent class members the substantial losses that were suffered as a result of Defendants' fraud.

**ARGUMENT**

**I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered[.]" *Id.*).

5

Consolidation is appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007); *see In re GE Sec. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact and law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants. The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of Li Auto securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *See Kaplan*, 240 F.R.D. at 91-92 (finding consolidation appropriate despite differing class periods where the actions are all "securities fraud claims that arise from a common course of conduct." (internal quotation marks omitted)).

## II.   HANNA IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.   The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising

6

under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (same); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (describing the PSLRA's process for determining the "most adequate plaintiff"); *Tronox*, 262 F.R.D. at 343-44 (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of

7

adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *Baughman*, 250 F.R.D. at 125.

### B.       Under the PSLRA, Hanna Should be Appointed Lead Plaintiff

As discussed below, Hanna should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Hanna holds the largest financial interest of any movant, and Hanna otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1.       Hanna Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Dinesh Banurs published notice of the lead plaintiff deadline via *Newsfile* on May 10, 2024. *See* Ex. A; *see also May v. Barclays PLC.*, No. 23-cv-2583 (LJL), 2023 WL 5950689, at *6 (S.D.N.Y. Sept. 13, 2023) (considering publication in *Newsfile Corp.* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before July 9, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Hanna's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Hanna timely signed and submitted the requisite certification, identifying all of his relevant Li Auto trades during the Class Period, and detailing Hanna's suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met**.**

**2.      Hanna Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Fuwei*, 247 F.R.D. at 437; *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4. Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616.

Overall, during the Class Period, Hanna suffered estimated LIFO losses of $481,163.12 attributable to the fraud. *See* Ex. C. Hanna is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

**3.      Hanna Meets Rule 23's Typicality and Adequacy Requirements**

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a

potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *Fuwei*, 247 F.R.D. at 436; *see also Blackmoss*, 252 F.R.D. at 191 ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623; *Fuwei*, 247 F.R.D. at 436.

Hanna's claims are clearly typical of the Class's claims.  Hanna purchased Li Auto securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Defendants under the federal securities laws. Because the factual and legal bases of Hanna's claims are similar to those of the Class's claims, Hanna necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole.  *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in his certification, *see* Ex. B, Hanna's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same).  Contemporaneously with the filing of the instant motion, Hanna has submitted a Declaration with additional information about himself, his work and educational background, and experience investing, clearly demonstrating his adequacy to represent class members. Ex. D. Hanna has an undergraduate degree in marketing and post-graduate studies in medical sciences. *Id.* at ¶ 3. Hanna previously worked for IBM and founded his own company, Brains II Solutions, Inc., in 1979. *Id.* at ¶ 4. Hanna has been investing in the stock market for approximately ten years. *Id.* at ¶ 5.

11

Hanna has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class.  As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation.  *See* Ex. E.  Consequently, Hanna is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Hanna respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## III.   HANNA'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Hanna has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. E; *see also Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions.  The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.").

For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (where, as sole lead counsel, the firm obtained final approval of $19.5 million settlement); *Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Rudani v. Ideanomics, Inc.*,

12

No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *In re Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013)

13

(where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtaining a recovery of more than $930 million for the benefit of the Company, and negotiating important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel and recovering a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, acting as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc. shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-PGB-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Kain v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Murphy v. Argo Blockchain plc*, No. 1:23-cv-00572-NRM-SJB (E.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 5:21-cv-09585-EJD (N.D. Cal.) (appointed sole lead counsel for the class); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.) (appointed

14

sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[6] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, over 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com /our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, Hanna respectfully requests that the Court: (1) consolidate the above-captioned, related actions; (2) appoint him as Lead Plaintiff; (3) approve his selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

---

[5]    *See* Ex. F (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business) (renewal pending).

[6]    *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/ XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

Dated: July 9, 2024

Respectfully submitted,

By:    */s/ James M. Wilson, Jr.*
       James M. Wilson, Jr.

James M. Wilson, Jr.
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice*
forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Charles Hanna and [Proposed] Lead*
*Counsel for the putative Class*