**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINESH BANURS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA,<br><br>Defendants. | Case No. 1:24-cv-03470-VMS<br><br>Hon. Vera M. Scanlon |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA,<br><br>Defendants. | Case No. 1:24-cv-03725-FB-VMS<br><br>Hon. Vera M. Scanlon |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN MENCHACA'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I.     FACTUAL BACKGROUND ......................................................................................2

II.    ARGUMENT ..........................................................................................................3

       A.     The Actions Should Be Consolidated ...................................................................3

       B.     Menchaca Is the Presumptive Lead Plaintiff and Should Be Appointed
              Lead Plaintiff ...............................................................................................4

              1.     Menchaca Filed a Timely Motion ................................................................5

              2.     Menchaca Has the Largest Financial Interest .............................................6

              3.     Menchaca Satisfies the Relevant Requirements of Rule 23 .......................6

                     a.     Menchaca's Claims Are Typical .......................................................7

                     b.     Menchaca Is an Adequate Representative ......................................8

       C.     The Court Should Approve Menchaca's Choice of Counsel ..................................9

III.   CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadilla v. Precigen, Inc.*,
   No. 5:20-cv-06936 (N.D. Cal.) ...............................................................................................9

*Ali v. Intel Corp.*,
   No. 18-cv-00507, 2018 WL 2412111 (N.D. Cal. May 29, 2018).............................................1

*Banurs v. Li Auto Inc.*,
   No. 1:24-cv-03470-VMS .........................................................................................................2

*Chaudhary v. Li Auto Inc.*,
   No. 1:24-cv-03725-FB-VMS ...................................................................................................2

*City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*,
   No. 3:21-cv-00762 (S.D. Cal.)...............................................................................................10

*City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*,
   No. 1:23-cv-01769 (S.D.N.Y.).................................................................................................10

*Cohen v. U.S. Dist. Ct. for N. Dist. of California*,
   586 F.3d 703 (9th Cir. 2009) ....................................................................................................9

*Cornwell v. Credit Suisse Grp.*,
   No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)............................................9

*Dolan v. Axis Capital Holdings Ltd.*,
   No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005)................................................4

*Golubowski v. Robinhood Mkts., Inc.*,
   No. 3:21-cv-09767 (N.D. Cal.) ...............................................................................................10

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)................................................1

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ....................................................................................................9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).......................................................................................................9

*In re Conn's, Inc. Sec. Litig.*,
   No. 4:14-cv-00548 (S.D. Tex.) .................................................................................................9

i

*In re Emulex Corp. Sec. Litig.*,
No. 8:01-cv-00219 (C.D. Cal.) ................................................................................................9

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ...............................................................................................7

*In re Micro Focus Int'l Plc Sec. Litig.* ....................................................................................9
No. 18-cv-01549 (Cal. Super. Ct. San Mateo Cnty.)

*In re Nw. Corp. Sec. Litig.*,
No. 4:03-cv-04049 (D.S.D.) .....................................................................................................9

*In re Priceline.com Inc. Sec. Litig.*,
No. 3:00-cv-01844 (D. Conn.) ..................................................................................................9

*In re SanDisk LLC Sec. Litig.*,
No. 3:15-cv-01455 (N.D. Cal.) .................................................................................................9

*In re Sprint Sec. Litig.*,
No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ..........................................................................9

*In re Wash. Mut. Mortg. Backed Sec. Litig.*,
No. 2:09-cv-00037 (W.D. Wash.) .............................................................................................9

*Irvine v. ImClone Sys., Inc.*,
No. 1:02-cv-00109 (S.D.N.Y.) .................................................................................................9

*Jochims v. Oatly Group AB*,
No. 1:21-cv-06360 (S.D.N.Y.) ...............................................................................................10

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ...................................................................................................3

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ...........................................7

*Marselis v. Fox Factory Holding Corp.*,
No. 1:24-cv-00747 (N.D. Ga.) ................................................................................................10

*Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*,
No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ....................................................................9

*Parot v. Clarivate Plc*,
No. 22-cv-1371 (ARR), 2022 WL 1568735 (E.D.N.Y. May 18, 2022) ....................................1

*Petersen v. TriplePoint Venture Growth BDC Corp.*,
No. 3:23-cv-02980 (N.D. Cal.) ...............................................................................................10

ii

*Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*,
No. 1:12-cv-02865 (S.D.N.Y.)..................................................................................................9

*Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*,
No. 1:22-cv-08228 (S.D.N.Y.)................................................................................................10

*Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ..........................................................................................7, 8

*Schaeffer v. Depaolo*,
No. 23-CV-1921-FB-JRC, 2023 WL 5153481 (E.D.N.Y. Aug. 10, 2023) ..............................4

*Schnall v. Annuity & Life Re (Holdings) Ltd.*,
No. 3:02-cv-02133 (D. Conn.) ................................................................................................9

*Severt v. UiPath, Inc.*,
No. 1:23-cv-07908 (S.D.N.Y.)................................................................................................10

*Strezsak v. Ardelyx Inc.*,
No. 4:21-cv-05868 (N.D. Cal.) ..............................................................................................10

*Sundaram v. Freshworks Inc.*,
No. 3:22-cv-06750 (N.D. Cal.) ..............................................................................................10

*Thurber v. Mattel, Inc.*,
No. 2:99-cv-10368 (C.D. Cal.) ................................................................................................9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).....................................................................................5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-01405(SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011).........................8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................4

*Weston v. RCS Cap. Corp.*,
No. 1:14-cv-10136 (S.D.N.Y.)................................................................................................9

**Statutes, Rules, and Regulations**

Federal Rules of Civil Procedure
Rule 23 ................................................................................................... *passim*
Rule 23(a)..............................................................................................................6, 7
Rule 42(a)..............................................................................................................3, 4

15 U.S.C. §78u-4 ...........................................................................................................................1

(a)(3)(A)(i) .............................................................................................................................5

(a)(3)(B) ................................................................................................................................4

(a)(3)(B)(iii) ...........................................................................................................................6

(a)(3)(B)(iii)(I) ........................................................................................................................5

(a)(3)(B)(iii)(I)(aa) ..................................................................................................................6

(a)(3)(B)(iii)(I)(cc) ..................................................................................................................6

(a)(3)(B)(iii)(II) .......................................................................................................................5

(a)(3)(B)(iii)(II)(aa) .................................................................................................................9

(a)(3)(B)(v) .............................................................................................................................9

Movant John Menchaca ("Menchaca" or "Movant") respectfully submits this memorandum of law in support of his motion for: (1) consolidation of the above-captioned Actions; (2) appointment as Lead Plaintiff; and (3) approval of his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel (the "Motion"), pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.* The above-captioned actions are brought on behalf of a putative class of purchasers of securities of Li Auto Inc. ("Li Auto" or the "Company") between February 26, 2024, and March 20, 2024, and February 26, 2024 and May 20, 2024, inclusive, (the "Class" that bought during the "Class Period").[1]

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the Class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff. Menchaca is the "most adequate" movant, as defined by the PSLRA, and should be appointed Lead Plaintiff based on the financial losses he suffered as a result of Defendants' wrongful conduct, as alleged in this litigation. Moreover, Menchaca satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the

---

[1]     Courts generally use the longest alleged class period for lead plaintiff determinations. *Parot v. Clarivate Plc*, No. 22-cv-1371 (ARR), 2022 WL 1568735, at *5, n.5 (E.D.N.Y. May 18, 2022) ("Where, as here, the motion relates to pleadings alleging varying class periods, courts use the longest class period in determining the largest financial interest."); *see also Hom v. Vale, S.A.*, No. 1:15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *Ali v. Intel Corp.*, No. 18-cv-00507, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) ("For the purpose of determining lead plaintiff, [] use of the longer, most inclusive class period [ ] is proper, as it encompasses more potential class members[.]"). Menchaca therefore uses the longer Class Period alleged in the *Chaudhary* Action in determining his loss.

Class.  In addition, Menchaca's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to efficiently and effectively prosecute this action.

## I. FACTUAL BACKGROUND[2]

On May 10, 2024, Plaintiff Dinesh Banurs filed a complaint against Li Auto and other named defendants (the "*Banurs* Complaint"), captioned *Banurs v. Li Auto Inc.*, No. 1:24-cv-03470-VMS.  Banurs alleged that, throughout the class period identified in the *Banurs* Complaint (February 26, 2024, through March 20, 2024, inclusive), Li Auto, which designs, develops, manufactures, and sells smart electric vehicles in China, and the other named defendants made materially false and misleading statements and/or failed to disclose that: (i) the Company had overstated the demand for its vehicles and the efficacy of its operating strategy in launching the Li MEGA; (ii) accordingly, the Company was unlikely to meet its Q1 2024 vehicle deliveries estimate; and (iii) the foregoing, once revealed, was likely to have a material negative impact on the Company's financial condition.  *Id.*

On May 23, 2024, a second, similar complaint was filed against the same defendants, captioned *Chaudhary v. Li Auto Inc.*, No. 1:24-cv-03725-FB-VMS (the "*Chaudhary* Complaint").[3] The *Chaudhary* Complaint alleges that Defendants made materially false and/or misleading statements and/or failed to disclose that: (i) Li Auto had overstated the demand for its vehicles and the efficacy of its operating strategy in launching the Li MEGA; (ii) accordingly, the Company was unlikely to meet its Q1 2024 vehicle deliveries estimate; and (iii) the foregoing,

---

[2]    Citations to "¶__" and "¶¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws, filed on May 23, 2024 (the "Complaint").  *See Chaudhary v. Li Auto Inc.*, No. 1:24-cv-03725-FB-VMS, at ECF No. 1.  Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

[3]    The facts set forth in the *Banurs* Complaint are incorporated herein by reference.

once revealed, was likely to have a material negative impact on the Company's financial condition. *Chaudhary* Complaint, ¶4. The *Chaudhary* Complaint asserts these allegations on behalf of a larger class, including those who purchased or acquired publicly traded Li Auto securities between February 26, 2024, and May 20, 2024, inclusive. *Chaudhary* Complaint, ¶¶7-8, 34-35.

Both Actions allege that the truth about Li Auto's business began to be revealed on March 21, 2024. *Chaudhary* Complaint, ¶32; *see also Banurs* Complaint at ¶28. On that day, the Company issued a press release disclosing that the Company had "mis-paced" the "operating strategy of Li MEGA," which, in turn, caused the Company to overestimate its delivery outlook for the first quarter of 2024, and that, as a result, the Company was reducing its delivery outlook from 100,000-103,000 vehicles to 76,000-78,000 vehicles. *Chaudhary* Complaint, ¶32; *see also Banurs* Complaint at ¶28. On this news, Li Auto's ADS fell $2.55 per ADS, or 7.48%, to close at $31.53 per ADS on March 21, 2024. *Chaudhary* Complaint, ¶33; *see also Banurs* Complaint at ¶29.

The *Chaudhary* Complaint further alleges that the market learned additional information on May 20, 2024, after the Company issued a press release revealing that its financial results for the quarter ended March 31, 2024, including gross profits that represented a decrease of 46% compared to the fourth quarter of 2023. *Chaudhary* Complaint, ¶34. On this news, Li Auto's ADS declined over 12%. *Id.*, ¶35.

## II.    ARGUMENT

### A.    The Actions Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.

3

1990).  Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).  "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact, and the [parties] will not be prejudiced.'"  *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564, 2005 WL 883008, at \*1 (S.D.N.Y. Apr. 13, 2005).

The two above-captioned actions present nearly identical factual and legal issues and allege the same violations of the federal securities laws against identical defendants and on behalf of very similar classes.  Because the Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Common questions of law and fact will predominate in these actions.  Accordingly, consolidation under Rule 42(a) is appropriate here.  *See similarly Schaeffer v. Depaolo*, No. 23-CV-1921-FB-JRC, 2023 WL 5153481 (E.D.N.Y. Aug. 10, 2023).

**B.     Menchaca Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

(aa)     has either filed the complaint or made a motion in response to a notice;

4

(bb)   in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Menchaca satisfies the foregoing criteria and he has complied with all of the PSLRA's requirements to be appointed Lead Plaintiff.  Menchaca has, to the best of his knowledge, the largest financial interest in the Actions and meets the relevant requirements of Rule 23.  *See* Declaration of Thomas L. Laughlin, filed herewith ("Laughlin Decl."), Ex. C (Loss Chart).  In addition, Menchaca is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class.  Accordingly, Menchaca respectfully submits that he should be appointed as Lead Plaintiff.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Menchaca Filed a Timely Motion

On May 10, 2024, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for Plaintiff published a notice via *Newsfile Corp.* – a widely circulated national business-oriented wire service – announcing that the *Banurs* action had been filed and advising investors that they had

until July 9, 2024, to file a motion to be appointed as Lead Plaintiff.  *See* Laughlin Decl., Ex. A. Menchaca timely filed his motion within the 60-day period following publication of the Notice and he has submitted herewith a sworn certification attesting that he is willing to serve as a representative of the Class and has provided his transactions in Li Auto securities during the Class Period.  *See* Laughlin Decl., Ex. B.  By making a timely motion in response to the Notice, Menchaca satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa).

### 2.    Menchaca Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the [movant with] the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii).  Menchaca believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, he should be presumed to be the "most adequate plaintiff."

Based on the information presently available, Menchaca is the individual with the largest financial interest in the relief sought in this litigation.  Menchaca suffered losses of approximately $267,852.  *See* Laughlin Decl., Ex. C.  Given that Menchaca has the largest financial interest in this litigation and, as discussed below, he satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, Menchaca should be appointed Lead Plaintiff. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Menchaca Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule

23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1)    the class is so numerous that joinder of all members is impracticable;
>
> (2)    there are questions of law or fact common to the class;
>
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'" *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original). At the lead plaintiff stage of the litigation, Menchaca needs only to make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008). Movant goes beyond this requirement and also provides a declaration further demonstrating his adequacy to represent the Class. *See* Laughlin Decl., Ex. D.

### a.    Menchaca's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at

7

*4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Menchaca's claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Menchaca alleges that Defendants' material misstatements and omissions violated federal securities laws.  Menchaca, like all members of the Class, purchased shares of the Fund during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby.  *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-01405(SLT)(RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result").  Accordingly, Menchaca's interests and claims are "typical" of the interests and claims of the Class.

### b.    Menchaca Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Monroe*, 269 F.R.D. at 297. Menchaca has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these actions.  *See* Laughlin Decl., Ex. E. Menchaca is not aware of any conflict that exists between his claims and those asserted on behalf of the Class.

Accordingly, because he has the largest financial interest in these actions and he has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Menchaca should be appointed as Lead Plaintiff.

8

### C.    The Court Should Approve Menchaca's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d 726, 734-35 (9th Cir. 2002). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d 726.

Menchaca has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[4]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case

---

[4]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l Plc Sec. Litig.*, Lead Case No. 18-cv-01549 (CA Super. Ct. San Mateo Cnty.) ($107.5 million settlement); *Okla. Firefighters Pension & Ret. Sys. v. Newell Brands Inc.*, No. L-003492-18 (N.J. Super. Ct. Hudson Cnty.) ($102.5 million settlement); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Cap. Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cnty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million settlement).

9

in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case.  Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class.  Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.  (*Id.*)

Additionally, Scott+Scott currently serves as lead or co-lead counsel in securities class actions pending throughout the Country.[5]  *See also* Laughlin Decl., Ex. E.

In light of the foregoing, the Court should approve Menchaca's selection of Scott+Scott as Lead Counsel.  The Court can be assured that by approving Menchaca's choice of counsel, the putative Class will receive the highest caliber of representation.

## III.    CONCLUSION

For the foregoing reasons, Menchaca respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Menchaca as Lead Plaintiff; and (3) approve Menchaca's selection of Scott+Scott to serve as Lead Counsel.

DATED:  July 9, 2024                         **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                             */s/ Thomas L. Laughlin, IV*
                                             Thomas L. Laughlin, IV (EDNY TL-8888)
                                             Jonathan Zimmerman (*pro hac vice forthcoming*)
                                             Nicholas S. Bruno (*pro hac vice forthcoming*)

---

[5]    *See, e.g.*, Current Lead Counsel Appointments: *Marselis v. Fox Factory Holding Corp.*, No. 1:24-cv-00747 (N.D. Ga.); *Severt v. UiPath, Inc.*, No. 1:23-cv-07908 (S.D.N.Y.); *City of Omaha Police and Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 1:23-cv-01769 (S.D.N.Y.); *Pompano Beach Police and Firefighters Ret. Sys. v. Olo Inc.*, No. 1:22-cv-08228 (S.D.N.Y.); *Jochims v. Oatly Group AB*, No. 1:21-cv-06360 (S.D.N.Y.); *Petersen v. TriplePoint Venture Growth BDC Corp.*, No. 3:23-cv-02980 (N.D. Cal.); *Sundaram v. Freshworks Inc.*, No. 3:22-cv-06750 (N.D. Cal.); *City of Birmingham Relief and Ret. Sys. v. Acadia Pharms. Inc.*, No. 3:21-cv-00762 (S.D. Cal.); *Golubowski v. Robinhood Mkts., Inc.*, No. 3:21-cv-09767 (N.D. Cal.); and *Strezsak v. Ardelyx Inc.*, No. 4:21-cv-05868 (N.D. Cal.).

The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
jzimmerman@scott-scott.com
nbruno@scott-scott.com

*Counsel for Proposed Lead Plaintiff John Menchaca and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall
Brian England
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com
briane@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant John Menchaca*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (EDNY TL-8888)