**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINESH BANURS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, <br><br> Defendants. | **CASE No.: 1:24-cv-03470-VMS** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LOW CHIG WEE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> **CLASS ACTION** |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, <br><br> Defendants. | **CASE No. 1:24-cv-03725-FB- VMS** <br><br> **CLASS ACTION** |

Movant Low Chig Wee ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the above-captioned actions;

(b)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Li Auto Inc. ("Li Auto" or the "Company")  between February 26, 2024 and May 20, 2024, both dates inclusive (the "Class Period") [1]; and

(c)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On May 10, 2024, this first-filed action was filed asserting claims Exchange Act against Li Auto Inc., Xiang Li, Tie Li, and Donghui Ma (collectively, "Defendants"), with a class period of February 26, 2024 and March 20, 2024. That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

---

[1] The first-filed action, *Banurs v. Li Auto Inc.., et al.,* case no. 1:24-cv-03470-VMS, has a class period of February 26, 2024 through March 20, 2024. The later-filed action, *Chaudhary v. Li Auto Inc., et al.*, case no. 1:24-cv-03725-FB-VMS has a Class Period of February 26, 2024 and May 20, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

The related action was filed on May 23, 2024, styled as *Chaudhary v. Li Auto Inc., et al.*, case no. 1:24-cv-03725, alleging substantially similar allegations against the same Defendants, but with an expanded Class Period of February 26, 2024 and May 20, 2024.

According to the lawsuits, Li Auto "operates in the energy vehicle market in [China] and designs, develops, manufactures, and sells smart electric vehicles. The Company's product line includes multi-purpose vehicles ("MPVs") and sport utility vehicles ("SUVs")."

According to the lawsuits, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Li Auto had overstated the demand for its vehicles and the efficacy of its operating strategy in launching the Li MEGA; (2) accordingly, the Company was unlikely to meet its Q1 2024 vehicle deliveries estimate; (3) the foregoing, once revealed, was likely to have a material negative impact on Li Auto's financial condition; and (4) as a result, the Company's public statements were materially false and misleading at all relevant times.

Then, on March 21, 2024, Li Auto issued a press release disclosing that, "[d]ue to lower-than-expected order intake, the Company now expects its vehicle deliveries for the first quarter of 2024 to be between 76,000 and 78,000 vehicles, revised from the previous vehicle delivery outlook of between 100,000 and 103,000 vehicles." In addition, Li Auto stated that the Li MEGA's operating strategy was "mis-paced."

On this news, Li Auto's American Depositary Share ("ADS") price fell by $2.55 per ADS, or 7.48%, to close at $31.53 per ADS on March 21, 2024.

Then, on May 20, 2024, before the market opened, Li Auto issued a press release in which it announced that its profit for the first quarter of 2024 had declined by 46%, as compared to the fourth quarter of 2023.

2

On this news, the price of Li Auto's ADS price fell $3.18 per ADS, or 12.77%, to close as $21.71 per ADS on May 20, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

3

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how

4

we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $561,352.62 in connection with his purchases of Company securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Company securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei*

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

*Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also

6

sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff. Further, Movant lives in Singapore. He earned an engineering degree from Nanyang Technological University. Movant has been investing for more than a decade.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

7

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants, and filing the second of the two related cases. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the relating actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. and Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: July 9, 2024                    Respectfully submitted,

                                       **THE ROSEN LAW FIRM, P.A.**
                                       /s/ Phillip Kim
                                       Phillip Kim, Esq.
                                       Laurence M. Rosen, Esq.
                                       275 Madison Avenue, 40th Floor
                                       New York, New York 10016
                                       Telephone: (212) 686-1060
                                       Fax: (212) 202-3827

Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead*
*Counsel for Lead Plaintiff and for the Class*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim

10