**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead*
*Counsel for Lead Plaintiff and Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINESH BANURS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, <br><br> Defendants. | CASE No.: 1:24-cv-03470 (VMS) <br><br> **MEMORANDUM OF LAW OF LOW CHIG WEE IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS** <br><br> **<u>CLASS ACTION</u>** |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, <br><br> Defendants. | CASE No.: 1:24-cv-03725 (FB) (VMS) <br><br> **<u>CLASS ACTION</u>** |

Lead Plaintiff Movant Low Chig Wee ("Mr. Low" or "Movant") respectfully submits this opposition to the competing lead plaintiff motions.

## BACKGROUND

Six lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers or acquirers of publicly traded securities of Li Auto Inc. ("Li Auto" or the "Company") between February 26, 2024 and May 20, 2024, both dates inclusive (the "Class Period"). Of the original six movants, only two remain ---- Mr. Low and Charles Hanna ("Mr. Hanna").[1]

Of the movants, Mr. Low clearly has the largest financial interest with $561,352.62 in losses from his purchases of Li Auto securities. Because Mr. Low has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Movant is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons . . . that . . . has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Mr. Low suffered the largest loss of any movant. Courts across the country recognize loss as the most significant factor to be considered in determining financial interest. *See e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D.

---

[1] On July 12, 2024, Abhishek Makhija and Assets Management LLC filed notices of non-opposition to the competing motions dnoting that neither appeared to have the largest financial interest. Dkt. Nos. 17, 18. On July 16, 2024, Xu Bo and on July 22, 2024 John Menchaca, filed notices of non-opposition for similar reasons. Dkt. Nos. 19, 20.

126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Indeed, Mr. Low has the largest losses and thus the greatest financial interest of the remaining movants:

| Movant(s) | Loss |
|---|---|
| 1. Low Chig Wee | $561,352.62 |
| 2. Charles Hanna | $481,163.12[2] |

Moreover, as set forth in Movant's opening papers, Mr. Low has made a *prima facie* showing of his adequacy and typicality. Movant has submitted a certification attesting to his willingness to serve as lead plaintiff. Dkt. No. 16-5. Mr. Low's claims are also typical of other class members because his claims arise from the same legal theories and same nucleus of fact. Movant's interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' fraud. Mr. Low has over a decade of investment experience. Dkt.

---

[2] Mr. Hanna reaches this number by employing the first-in-first-out ("FIFO") method to calculate his losses. This allows him to mask his February 26, 2024 sale of 30,000 pre-class shares. In actuality, the difference between Mr. Hanna and Movant's losses is even greater. Calculating his loss using the last-in-first-out ("LIFO") method as is preferred by this court, *See Somogyi v. Organogenesis Holdings Inc.,* 623 F. Supp. 3d 24, 31 (E.D.N.Y. 2022), *Salim v. Mobile TeleSystems PJSC,* No. 19CV1589AMDRLM, 2019 WL 11095253, at *3 (E.D.N.Y. Sept. 11, 2019), Mr. Hanna's supposed loss amounts to a gain of 164,603.40 under economic LIFO.

No. 16-2 at 7. He is a resident of Singapore. *Id*. There are no conflicts of interest between Mr. Low and absent class members. *Id*. at 6.

In short, because Mr. Low has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. Mr. Low should be appointed lead plaintiff, and his selection of Lead Counsel should be approved.

## II.    THE PRESUMPTION IN FAVOR OF MR. LOW HAS NOT BEEN REBUTTED

To overcome the strong presumption entitling Movant to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of Movant. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Mr. Low, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Moreover, although the Court may compare putative lead plaintiff's losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses

4

satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As Movant has the largest financial interest and has made a *prima facie* demonstration of his typicality and adequacy, and no movant has rebutted the presumption with proof, Movant must be appointed Lead Plaintiff.

## III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Movant has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. Rosen Law has extensive experience litigating numerous securities class actions against Chinese issuers and employs Chinese trained and speaking counsel and other professionals on staff. Indeed, in appointing Rosen Law as Lead Counsel in the Alibaba securities case, Judge McMahon explained that "the Rosen firm has extensive experience navigating the particular complexities of litigation with Chinese companies that may claim a state secrets privilege" and "employs fluent Chinese speakers." *Khunt v. Alibaba Group Holding Ltd.*, 102 F.Supp.3d 523, 540 (S.D.N.Y. 2015). Rosen Law was able to leverage these resources and its Chinese know-how to secure a $250 million cash settlement from Alibaba after extensive discovery—including review of 1.1 million pages of documents (nearly all of the documents being in Chinese), 22 fact depositions—many of which were in Hong Kong, substantial expert discovery, and class certification. *Christine Asia Co. Ltd. v. Yun Ma*, 2019 WL 5257534, at *4 - *6 (S.D.N.Y. Oct. 16, 2019); *see, also In re NIO, Inc. Sec.*

*Litig.*, 2023 WL 5048615, at * 17 (E.D.N.Y. Aug. 8, 2023) (Garaufis, J.) (appointing Rosen Law class counsel and explaining that "[t]he Rosen Law Firm's depth of involvement as lead counsel throughout the discovery and litigation conducted over the past more than three years further support" the conclusion that is well qualified with substantial experience in cases involving Chinese companies). The $250 million Alibaba settlement is the largest-ever settlement against a Chinese issuer like Li Auto. Thus, the Court may be assured that by approving Mr. Low's selection of counsel, the members of the class will receive excellent legal representation.

Additionally, the Firm has served as sole and co-lead counsel in numerous cases around the country and has recovered hundreds of millions of dollars for investors. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of settlements—12.[3] Founding partner, Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[4]

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## IV.    COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

---

[3] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[4] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

In addition to having a smaller loss, Mr. Hanna's motion should be denied on the basis of his atypicality and the unique defense he is subject to.

In general, the Rule 23(a) typicality requirement is satisfied when "the claims of the representative [p]laintiffs arise from the same course of conduct that gives rise to the claims of the other [c]lass members, where the claims are based on the same legal theory, and where the class members have allegedly been injured by the same course of conduct as that which allegedly injured the proposed representatives." *Murphy v. JBS S.A.,* 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) (citing *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 515 (S.D.N.Y. 2002)). Furthermore, even upon proof of typicality, a movant should be disqualified if they are subject to unique defenses that renders them "incapable of adequately representing the class." 15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(II); *Lemm v. New York Cmty. Bancorp, Inc.*, 2024 WL 2022213, at *7 (E.D.N.Y. May 7, 2024) (recognizing the unique defense does not need to be adjudicated at this stage, but "[i]t is sufficient that Boston Retirement shows proof of a risk of unique defenses to rebut the presumption of Sand Hollow's adequacy."). As such, not only is Mr. Hanna's loss smaller, but his atypicality and the unique defense he is subject to render him unfit to serve as lead plaintiff.

Mr. Hanna is subject to unique defenses as accounting for Mr. Hanna's sale of his pre-class purchased shares, Mr. Hanna is a "net gainer." Even accepting Mr. Hanna's loss calculations, courts "have consistently rejected applications for lead plaintiff status made by 'net sellers' and 'net gainers,' recognizing that they may in fact have profited, rather than suffered, as a result of the inflated stock prices." *Born v. Quad/Graphics, Inc.,* No. 19-CV-10376 (VEC), 2020 WL 994427, at *2 (S.D.N.Y. Mar. 2, 2020) citing *In re Bausch & Lomb Inc. Sec. Litig.*, 244 F.R.D. 169, 174 (W.D.N.Y. 2007), *opinion modified on denial of reconsideration*, No. 06-CV-6294T, 2007 WL 3197318 (W.D.N.Y. Oct. 26, 2007) (which recognized that being a net gainer may

"subject [the movant] to unique defenses that render such plaintiff incapable of adequately representing the class."); *Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 WL 566814, at \*8–9 (N.D. Cal. Feb. 15, 2011) (saying a movant is subject to unique defenses if they have a gain from their class period transactions).

Here Mr. Hanna is a net gainer. During the Class Period, Mr. Hanna spent $1,464,355.00 purchasing 40,500 shares of the Company stock. Dkt. No. 14-6. However, during the same period he sold 40,000 shares for proceeds of $1,619,196.00, *Id,* leaving him with a profit of $154,841.00 from his Class Period transactions. Mr. Hanna's Class Period sales took advantage of the artificially inflated prices to derive a profit from his sale of Company shares, rendering him incapable of serving as lead plaintiff. *Chernysh v. Chembio Diagnostics, Inc.*, No. 20-2706 (ARR) (ARL), 2020 WL 9813453, at \*5 (E.D.N.Y. Dec. 29, 2020) (where the court found that sale of pre-class shares at artificially inflated prices subjected the movant to unique defenses, and incapable of representing the class alone). Therefore, independent of the fact Mr. Hanna's loss is smaller than Movant's, he is not an appropriate lead plaintiff and does not satisfy the requirements of Rule 23 as his status as a net-gainer renders him atypical and subject to unique defenses. His application for lead plaintiff status should be rejected, regardless of the size of his loss.

## CONCLUSION

For the foregoing reasons, Mr. Low's motion should be granted in its entirety and competing motions should be denied.

Dated: July 23, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor

8

New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for Lead Plaintiff and Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim