**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DINESH BANURS, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, <br><br> Defendants. | CASE No.: 1:24-cv-03470 (FB) (VMS) <br><br> **REPLY MEMORANDUM OF LAW OF LOW CHIG WEE IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** <br><br> **CLASS ACTION** |
| SAQIB CHAUDHARY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LI AUTO INC., XIANG LI, TIE LI, and DONGHUI MA, <br><br> Defendants. | CASE No.: 1:24-cv-03725 (FB) (VMS) <br><br> **CLASS ACTION** |

1

Lead Plaintiff Movant Low Chig Wee ("Mr. Low" or "Movant") respectfully submits this reply memorandum of law in further support of his motion (1) consolidating the above-captioned, related actions ("Actions")[1]; (2) appointing Mr. Low as Lead Plaintiff; (3) approving Mr. Low's selection of the The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel; and (4) granting such further relief as the Court may deem just and proper. Dkt. No. 16.

## I.    MR. LOW IS THE PRESUMPTIVE LEAD PLAINTIFF

The PSLRA Lead Plaintiff presumption applies to a movant, here Mr. Low, that has the largest financial interest and made a *prima facie* showing of adequacy and typicality.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I) and *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23."); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012) (same).

Once the Lead Plaintiff presumption attaches, competing movants must provide proof that the presumptive Lead Plaintiff, here, Mr. Low, is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Actual proof must be submitted. Speculation and innuendo to inadequacy or atypicality is insufficient as a matter of law. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

Here, Charles Hanna ("Mr. Hanna") has utterly failed to submit any such proof. Rather, he relies on baseless speculation and innuendo that are simply untrue.

---

[1]No party opposes consolidation.

### A.  Mr. Low Has the Largest Financial Interest

Mr. Low lost $561,352.62. Mr. Hanna  concedes that his losses are smaller than Mr. Low's. *See* Dkt No. 22 at 2. However, in his opposition Mr. Hanna and his counsel, ***for the first time***, argue that there are " no allegations in the current complaint supporting the extension of the class period," (Dkt. No. 22 at 11) and present losses for the shorter class period. Mr. Hanna claims that his losses are slightly larger than Mr. Low in the shorter class period. *Id*. Mr. Hanna's arguments are meritless and disingenuous.

Where, as here, there are two or more related complaints, it is broadly accepted that the more inclusive class period is favored at the Lead Plaintiff stage. *See, e.g., In re Gentiva Sec. Litig*., 281 F.R.D. at 113-114 (court favoring a broader class which "encompasses more potential class members" early in the litigation at the Lead Plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at Lead Plaintiff stage).

All other competing movants for Lead Plaintiff chose the longer class period, acknowledging that for Lead Plaintiff purposes the longer class is appropriate. Dkt. Nos. 11-2 at 1, 12-2 at 1, 13-2 at 1, and 15-1 at 1.

So did Mr. Hanna. He states in his opening brief:

> For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Ferreria v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n.2. (C.D. Cal. June 11, 2020) (quoting *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009)) (finding the "use [of] the most inclusive class period" proper for the purpose of a lead plaintiff motion)). Accordingly, the class period in the *Chaudhary* Complaint governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest.

(Dkt. No. 14-1 at 3).

Nowhere in Mr. Hanna's opening papers does he contend that the longer class period is improper. Indeed, Mr. Hanna did not present any losses for the shorter class period in his opening papers. Mr. Hanna's opening papers show that he believed in the legitimacy of the longer class period. He submitted a sworn certification attesting that he reviewed the complaint and adopted the allegations therein. *See,* Dkt. No. 14-4 ("… has reviewed a complaint against Li Auto Inc., *et al* in the action filed and ***adopts the allegations therein***.") (emphasis added). Mr. Hanna reviewed the complaint with the longer class period as he provided his transactions in Li Auto for the longer class period—and "adopt[ed] the allegations therein." *Id.*

Mr. Hanna's counsel issued advertisements to investors variously soliciting investors to retain James (Josh) Wilson of the Faruqi firm for the longer class period. For example, in a July 4, 2024 press release:

> **Faruqi & Faruqi, LLP Securities Litigation Partner James (Josh) Wilson Encourages Investors Who Suffered Losses Exceeding $100,000 In Li Auto To Contact Him Directly To Discuss Their Options**
> **If you suffered losses exceeding $100,000 investing in Li Auto stock or options between February 26, 2024 and May 20, 2024 and would like to discuss your legal rights, call** Faruqi & Faruqi partner **Josh Wilson** directly at **877-247-4292** or **212-983-9330 (Ext. 1310)**. You may also click here for additional information: www.faruqilaw.com/LI.

(Emphasis in original).

A copy of the Faruqi Press Release is attached as Exhibit 1 to the Declaration of Phillip Kim filed herewith ("Kim Decl." or "Kim Declaration"). The press release directed investors to the Faruqi firm's website. Conveniently, the webpage has since been removed, however, the webpage also solicited investors to join the class action with the longer class period. ("If you suffered losses exceeding $100,000 investing in Li Auto stock or options between February 26, 2024 and May 20, 2024 and would like to discuss your legal rights, call Faruqi & Faruqi partner Josh Wilson."). *See* Faruqi Webpage, Kim Decl. *Ex. 2.*

4

Now in opposition, Mr. Hanna, and his counsel claim there are "no allegations in the current complaint supporting the extension of the class period." Dkt. No. 22 at 11. They suggest that the longer class period is merely a "manipulation" designed to increase Movant's losses, saying that Movant's counsel filing the *Chaudhary* Action raises the "specter that the *Chaudhary* Action's longer class period was alleged solely to support [Mr. Low's] claimed estimated losses." *Id.* In reality, the record clearly shows the only manipulation being done here is by Mr. Hanna and his counsel in their opposition.

Additionally, Mr. Hanna's cases are off the mark. Unlike in *Villare v. ABIOMED, Inc.*, No. 19 CIV. 7319 (ER), 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020), there is no risk of gamesmanship. Rosen Law filed the *Chaudhary v. Li Auto Inc., et al.*, case no. 1:24-cv-03725-FB-JRC complaint ("*Chaudhary*") on May 23, 2024 significantly before the July 9, 2024 end of statutory period. The length of time between the filing of the complaint and end of the statutory period show that the lengthened class period was not an attempt to ensure that Rosen Law had the largest movant, but because the final disclosures did not occur until May 20, 2024. Unlike in *Villare* 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020), where the lengthened class period alleged new false statements, *Chaudhary* was merely adding a partial corrective disclosure to the class period. Li Auto had dramatically overstated their sales during the class period, the decreased revenue showed these statements to be false and markets reacted accordingly. The May 20, 2024 class period extension was merely ensuring that all corrective statements were included in the class period, not an attempt at gamesmanship.

In short, it is only after Mr. Hanna realized that he did not have the largest loss that Mr. Hanna first raised the class period issue in opposition. Mr. Hanna now claims that the longer *Chaudhary* class period is not acceptable despite his initial choosing of, and counsel having

5

solicited clients for, the longer *Chaudhary* class. Mr. Hanna and his counsel's reversal in opposition is merely motivated by fear of losing their Lead Plaintiff motion, not any genuine reflection on the respective merits of the longer class period.

As such, Mr. Low has the largest financial interest.[2]

### B. Mr. Low Made a *Prima Facie* showing of Adequacy and Typicality

In his opening papers, Mr. Low submitted a PSLRA certification attesting to, among other things, his willingness to serve as Lead Plaintiff and to testify at deposition and trial. Mr. Low also provided general background information about himself. Mr. Low explained that he "lives in Singapore. He earned an engineering degree from Nanyang Technological University. Movant has been investing for more than a decade." Dkt. No. 16-1 at 7. [3]

Mr. Hanna's assertion that Mr. Low's decision to not include all details of his life in his certification means Mr. Low "has failed to make the showing required that he meets the PSLRA's requirements for adequacy and typicality" (Dkt. No. 22 at 9), this is wrong on the facts and the law.

The information Mr. Low provided in his opening papers is sufficient to make the requisite *prima facie* showing of adequacy and typicality. Such information was deemed sufficient by numerous courts in this District. *E.g., Goodman v. Wheels Up Experience, Inc.,* No. 23-cv-2900 (OEM)(VMS) (E.D.N.Y.); and Mem. & Order. Dkt. No. 30, *Maschhoff v. Polished.com*, No. 22-cv-6605 (NGG)(VMS) (E.D.N.Y.); *Machniewicz v. Uxin Limited et al*, No. 1:19-CV-00822

---

[2] Even if Mr. Hanna were correct, and the shorter class period were preferred, he would still be unable to serve as lead plaintiff as he is atypical and subject to unique defenses as a net gainer. *See* Dkt. No. 21, at 7. In fact, the shorter class period would increase his gain to $169,716.

[3] In reality, neither party has provided an exhaustive biography. For example, Mr. Hanna makes no mention of his struggles with drug addiction, or his career as a motivational speaker and author. *CHARLES HANNA, AWAKEN TO A MORE FULFILLING LIFE*, https://www.charleshanna.com/

(MKB) (VMS) (E.D.N.Y.)*; In re PPDAI Group Inc. Securities Litigation*, No. 1:18-CV-06716 (LDH) (TAM) (E.D.N.Y.); *Horowitz v. Sunlands Technology Group et al*, No. 1:19-CV-03744 (RML) Dkt. No. 23 (E.D.N.Y.); Mem. & Order, Dkt. No 44, *In re NIO, Inc. Securities Litigation*, No. 19-CV-1424 (NGG) (JRC) (E.D.N.Y.); Mem. & Order, Dkt. No. 22, *Lavin v. Virgin Galactic Holdings Inc.*, No. 21-CV-3070 (ARR)(TAM) (E.D.N.Y.); Mem. & Order, Dkt. No. 17, *Handal v. Tenet Fintech Group, Inc.,* No. 21-cv-6461 (PKC)(RLM) (E.D.N.Y.); Mem. & Order, Dkt. No. 39, *Sanchez v. Arrival SA*, No. 220-cv-0172 (DG)(RLM) (E.D.N.Y.); Mem. & Order, Dkt. No. 23, *Diaz v. The Gap, Inc.,* No. 22-cv-7371 (DG)(RER) (E.D.N.Y.).

Furthermore, Courts do not require a sole Lead Plaintiff movant to submit personal background information about themselves to be appointed Lead Plaintiff. *Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) ("The other movants contend that the presumption in favor of Kassin is rebutted here because Kassin has not in their view provided sufficient personal information to demonstrate his adequacy. … ***But the Court is not required to peer into these questions where it otherwise finds adequacy.***") (emphasis added); *Patel v. Reata Pharms., Inc.*, 2021 WL 2983249, at *8 (E.D. Tex. July 15, 2021) ("The Court therefore concludes that *Boeing* and similar cases are distinguishable and that [Mr. Low] has provided sufficient background information for the Court to make an informed lead-plaintiff determination."); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)) ("a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made ... further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."). Background information is typically required only when unrelated investors are

joined to form a group. *See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F.Supp.2d 388, 392 (S.D.N.Y. 2008).

Mr. Hanna's cases are off the mark. In *Karp v. Diebold Nixdorf, Incorporated* the court disqualified a ***lead plaintiff group*** due to it exaggerating losses by 34%. 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019). In *Perez v. HEXO Corp.* the court denied Lead Plaintiff status to a movant who failed to include *any* background information in their opening brief. 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020). Indeed, "[h]ere, unlike the prospective lead plaintiffs in… *Perez*, [Mr. Low] did provide basic background information about himself." *Patel*, 2021 WL 2983249, at *8.

Finally, *Nayani v. LifeStance Health Grp., Inc*., 641 F. Supp. 3d 57, 63 (S.D.N.Y. 2022) is inapposite. In *Nayani,* Judge Rakoff was concerned that the movant's inexperience managing attorneys rendered her incapable of properly representing the class. It was the repeated issues with her counsel, including her having her name misspelled throughout her initial moving papers, which made Judge Rakoff wary of appointing her Lead Plaintiff. *Id.* In contrast, Mr. Low is an active participant in this litigation, an, educated, experienced investor willing to serve as lead plaintiff for the class. That said, to assuage any concerns, Mr. Low files herewith a Declaration providing additional details about his professional background. *See* Declaration of Low Chig Wee ("Low Decl.") attached as Ex. 3 to the Kim Decl.

Because Mr. Low has the largest financial interest and made a *prima facie* showing of adequacy and typicality, he is the presumptive Lead Plaintiff under the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb-cc); *see Varghese*, 589 F. Supp. 2d at 397. The presumption may only be rebutted upon "proof" of Mr. Low's inadequacy or atypcality. *See Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (E.D.N.Y. Oct. 6, 2017) ("'[E]xacting proof' is needed to rebut the presumption.")

8

(citing *In re Facebook, Inc.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012)); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("There is absolutely no proof … and we decline [Gold's] invitation to use our imagination.").

No movant has submitted any proof to rebut Mr. Low's Lead Plaintiff presumption.

II.     **MR. HANNA HAS FAILED TO PROVIDE ANY PROOF THAT MOVANT IS ATYPICAL AND INCAPABLE OF REPRESENTING CLASS.**

Mr. Hanna makes the unfounded and libelous claim that Mr. Low traded Li Auto stock on non-public information because Mr. Low at some point worked at DBS Bank and DBS Bank issued an analyst report on Li Auto on January 25, 2024. Dkt. No. 22-4. This argument is meritless and false on several levels.

Mr. Low was a commodity banker at DBS Bank, meaning that he worked with commodities and structured trade, not equity. Low Decl., ¶6. His position could not have exposed him to any information about Li Auto as he left DBS in 2011, four years before Li Auto was founded. *Id..,* ¶4.[4] Mr. Hanna's argument fails on these facts alone.

Additionally, Mr. Low's subsequent work experience did not involve the equity markets. *Id..,* ¶6. Mr. Low confirmed that he at all times "relied on publicly available information in

---

[4] Even if Mr. Low remained employed at DBS Bank (he did not) this would have posed no issue. In general, to prove atypicality based on material non-public information, there must be more than accusations and opportunity. *See In re Indep. Energy Holdings PLC Sec. Litig.,* 210 F.R.D. 476, 482 (S.D.N.Y. 2002) ("Atypicality has not been found, however, when there is no evidence that inside information was shared despite the existence of some relationship between the named plaintiff and the officer or director."); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *7 (S.D.N.Y. Jan. 30, 2019) ("The Rebuttal Movants' failure to proffer any proof that Moab received MNPI from Macquarie, coupled with Moab's declaration that no MNPI was communicated to Moab, is fatal to the Rebuttal Movants' claim.").

purchasing Li Auto, Inc. ("Li Auto") stock" and that "did not rely on non-public information in purchasing Li Auto stock.." [5] *Id.* at ¶2.  Mr. Hanna's claims are therefore unfounded.

**CONCLUSION**

Because Mr. Low has the largest financial interest and has made a *prima facie* showing of adequacy and typicality he is the presumptive Lead Plaintiff. No party has rebutted the presumption with the requisite proof that Mr. Low is inadequate or atypical. As such, Mr. Low's motion should be granted in its entirety and the competing motions should be denied.

Dated: July 30, 2024                Respectfully submitted,

                                    **THE ROSEN LAW FIRM, P.A.**

                                    /s/ Phillip Kim
                                    Phillip Kim, Esq. (PK 9384)
                                    Laurence M. Rosen, Esq. (LR 5733)
                                    275 Madison Avenue, 40th Floor
                                    New York, New York 10016
                                    Telephone: (212) 686-1060
                                    Fax: (212) 202-3827
                                    Email: philkim@rosenlegal.com
                                    Email: lrosen@rosenlegal.com

                                    *[Proposed] Lead Counsel for Lead Plaintiff*
                                    *and Class*

---

[5] At its core this argument is bewildering. Seemingly, Mr. Hanna is arguing that Mr. Low possessed material non-public information and then, used that information to *lose* money. This argument is in the words of the Judge Vernon S. Broderick "illogical." *City of Riviera Beach Gen. Emps. Ret. Sys.*, 2019 WL 364570, at *7 ("[I]t would make little sense for Moab to increase its position during the Class Period, only to then lose millions of dollars on that investment, if it was trading on information the market did not possess.").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>

11