UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DINESH BANURS, individually and on behalf of
all others similarly situated,

        Plaintiff,

  -against-

LI AUTO INC., XIANG LI, TIE LI, and
DONGHUI MA,

        Defendants.
------------------------------------------------------------- x

**ORDER**

24 Civ. 3470 (DG) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

  Presently before the Court are the competing motions filed by Charles Hanna ("Movant Hanna"), see generally ECF Nos. 14-14-9, and by Low Chig Wee ("Movant Wee"), see generally ECF Nos. 16-16-6, for consolidation of this action, Banurs v. Li Auto Inc. et al., 24 Civ. 3470 (DG) (VMS) (the "Banurs Action"), and Chaudhary v. Li Auto Inc. et al., 24 Civ. 3725 (FB) (VMS) (the "Chaudhary Action"); to be appointed as the lead plaintiff in the consolidated action; and for approval of the selected counsel as lead class counsel.[1]  In relation

---

[1] Assets Management LLC also moved for consolidation of the Banurs Action and the Chaudhary Action, to be appointed as the lead plaintiff in the consolidated action, and for approval of the selected counsel as lead class counsel.  See generally ECF No. 11-11-7.  Assets Management LLC subsequently filed a notice of non-opposition to the competing motions, see generally ECF No. 18; accordingly, the motion is moot.

Xu Bo moved for consolidation of the Banurs Action and the Chaudhary Action, to be appointed as the lead plaintiff in the consolidated action, and for approval of the selected counsel as lead class counsel.  See generally ECF No. 12-12-8.  Xu Bo subsequently filed a notice of non-opposition to the competing motions, see generally ECF No. 19; accordingly, the motion is moot.

Abhishek Makhija moved for consolidation of the Banurs Action and the Chaudhary Action, to be appointed as the lead plaintiff in the consolidated action, and for approval of the selected counsel as lead class counsel.  See generally ECF No. 13-13-7.  Abhishek Makhija subsequently filed a notice of non-opposition to the competing motions, see generally ECF No. 17; accordingly, the motion is moot.

to Movant Hanna's motion, Movant Wee filed an opposition, see generally ECF No. 21; Movant Hanna filed a reply, see generally ECF No. 24; Movant Wee filed a sur-reply, see generally ECF No. 25, with the Court's leave, see 10/4/2024 Order; and Movant Hanna filed a response to the sur-reply, see generally ECF No. 26, at the Court's request, see 8/19/2024 Order.  In relation to Movant Wee's motion, Movant Hanna filed an opposition, see generally ECF Nos. 22-22-3, and Movant Wee filed a reply, see generally ECF Nos. 23-23-4.  For the reasons set forth below, the Court grants Movant Wee's motion and denies Movant Hanna's motion.  Accordingly, the Clerk of Court is directed to consolidate the Banurs Action and the Chaudhary Action under the Banurs caption and docket number; Movant Wee is appointed the lead plaintiff in the consolidated action; and The Rosen Law Firm, P.A., through counsel Phillip Kim, is approved as lead class counsel.

I.   DISCUSSION

The Court addresses the motions for consolidation of the Banurs Action and the Chaudhary Action, ECF Nos. 14-14-9 & 16-16-6; the competing motions to be appointed as the lead plaintiff in the consolidated action, ECF Nos. 14-14-9 & 16-16-6; and the competing motions for approval of the selected counsel as lead class counsel in turn, ECF Nos. 14-14-9 & 16-16-6.

---

John Menchaca moved for consolidation of the Banurs Action and the Chaudhary Action, to be appointed as the lead plaintiff in the consolidated action, and for approval of the selected counsel as lead class counsel.  See generally ECF No. 15-15-8.  John Menchaca subsequently filed a notice of non-opposition to the competing motions, see generally ECF No. 20; accordingly, the motion is moot.

2

### A.     Whether The <u>Banurs</u> Action And The <u>Chaudhary</u> Action Should Be Consolidated

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).  With regard private class actions brought pursuant to Chapter 2B of Title 15 of the United States Code, <u>see</u> 15 U.S.C. § 78u-4(a), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"), contemplates consolidation "for pretrial purposes or for trial" where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  A decision on a motion for consolidation must be made prior to the appointment of the lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), after which, if the actions are consolidated, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions," 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Movant Hanna, <u>see</u> ECF No. 14-1 at 9-10, and Movant Wee, <u>see</u> ECF No. 16-1 at 4, both seek to consolidate the <u>Banurs</u> Action and the <u>Chaudhary</u> Action for all purposes, as both the <u>Banurs</u> Action and the <u>Chaudhary</u> Action "allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of Li Auto securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged."  ECF No. 14-1 at 10; <u>see</u> ECF No. 16-1 at 4 (stating that the <u>Banurs</u> Action and the <u>Chaudhary</u> Action "have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors").

3

The Court concurs with the position advanced by Movant Hanna and Movant Wee, and it finds that consolidation of the <u>Banurs</u> Action and the <u>Chaudhary</u> Action for all purposes is appropriate. The <u>Banurs</u> Action

> is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants[, namely Li Auto Inc., Xiang Li, Tie Li, and Donghui Ma,] that purchased or otherwise acquired Li Auto securities between February 26, 2024 and March 20, 2024, both dates inclusive . . . , seeking to recover damages caused by Defendants violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act . . . and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

ECF No. 1 ¶ 1. The basis for the claims is that "Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects." <u>Id.</u> ¶ 4. The <u>Chaudhary</u> Action "is a class action on behalf of persons or entities who purchased or otherwise acquired publicly traded Li Auto securities, including purchasers of options and/or sales of options between February 26, 2024 and May 20, 2024, inclusive," seeking "to recover compensable damages caused by . . . violations of the federal securities laws under the Securities Exchange Act of 1934" by Defendants, namely Li Auto Inc., Siang Li, Tie Li and Donghui Ma. <u>Chaudhary v. Li Auto Inc. et al.</u>, 24 Civ. 3725 (FB) (VMS), ECF No. 1 ¶ 1. The basis for the claims is that "Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects." <u>Id.</u> ¶ 4. In view of the common questions of law and fact raised by the <u>Banurs</u> Action and the <u>Chaudhary</u> Action, consolidation for all purposes is appropriate.

**B.     Whether Movant Hanna Or Movant Wee Should Be Appointed The Lead Plaintiff In The Consolidated Action**

The PSLRA provides that, on motion, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of

4

adequately representing the interests of class members (herein in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph)." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further requires the court to

> adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The required presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court addresses each of the foregoing requirements in turn.

### 1. Whether Movant Hanna And Movant Wee Have Either Filed The Complaint Or Made A Motion To Be Appointed The Lead Plaintiff In Response To An Early Notice To Class Members Pursuant To 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)

Movant Hanna, see generally ECF Nos. 14-14-9, and Movant Wee, see generally ECF Nos. 16-16-6, each moved, inter alia, to be appointed as the lead plaintiff in the consolidated action. As such, both Movant Hanna and Movant Wee have satisfied 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

5

### 2. Whether Movant Hanna Or Movant Wee Has The Largest Financial Interest In The Relief Sought By The Class Pursuant To 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)

The Court first addresses the appropriate class period then determines whether Movant Hanna or Movant Wee has the largest financial interest in the relief sought by the class.

#### a. The Appropriate Class Period

Prior to deciding whether Movant Hanna or Movant Wee has the largest financial interest in the relief sought by the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb), the Court must determine the appropriate class period upon which to base such decision. The class period alleged in the Banurs Action is February 26, 2024 to March 20, 2024, inclusive, see ECF No. 1 ¶ 1, and the class period alleged in the Chaudhary Action is February 26, 2024 to May 20, 2024, inclusive, see Chaudhary v. Li Auto Inc. et al., 24 Civ. 3725 (FB) (VMS), ECF No. 1 ¶ 1.

##### i. Movant Hanna's Position And Movant Wee's Position

In their initial moving papers, both Movant Hanna and Movant Wee argue that the longer class period alleged in the Chaudhary Action should be used in deciding the appointment of the lead plaintiff. See ECF No. 14-1 at 6 n.3 (arguing that, "[f]or purposes of determining a lead plaintiff[,] . . . the longer, most inclusive period is proper," such that "the class period in the Chaudhary Complaint governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest" (citations & quotations omitted)); ECF No. 16-1 at 2 n.1 (stating that "[a] more inclusive class period is favored at the lead plaintiff stage" (citations omitted)). After the March 21, 2024, disclosure, the American Depositary Share price decreased by "$2.55 per ADS, or 7.48% to close at $31.53 per ADS on March 21, 2024." Chaudhary v. Li Auto Inc. et al., 24 Civ. 3725 (FB) (VMS), ECF No. 1 ¶ 6. After the May 20, 2024, disclosure,

6

the American Depositary Share price decreased by "$3.18 per ADS, or 12.77%, to close at $21.71 per ADS on May 20, 2024." Id. ¶ 8.

In subsequent briefing, namely in reply to Movant Wee's opposition to Movant Hanna's motion and in opposition to Movant Wee's motion, however, Movant Hanna changes his position, raising a two-fold argument for adopting the shorter class period alleged in the Banurs Action in deciding the appointment of the lead plaintiff.

First, Movant Hanna contends that "[t]his Court should determine losses at the Lead Plaintiff stage based on the Class Period alleged in Banurs," given the lack of "allegations in the current complaint supporting the extension of the class period from March 20, 2024 to May 20, 2024 as alleged in Chaudhary." ECF No. 24 at 8-9; ECF No. 22 at 15 (arguing that "there are no allegations in the current complaint supporting the extension of the class period from March 30, 2024 to May 20, 2024, as alleged in the Chaudhary Action"). More specifically, Movant Hanna argues that "[t]he disclosure alleged in the Banurs Complaint made by Defendants on March 21, 2024, is the only disclosure that reveals the alleged fraud on which investors relied to invest in Li Auto stock and which disclosures caused the stock price to decline," namely that "Defendants overstated the demand for the Company's vehicles and the efficacy of its operating strategy in launching the Li MEGA and therefore it was unlikely to meet its Q1 2024 vehicle deliveries estimates," whereas the contention in the Chaudhary Action "that the fraud was more fully disclosed on May 20, 2024, when Li Auto announced its financial results for the quarter ended March 31, 2024," is unsupported, as the "supposed corrective disclosure says nothing about the fraud, the Li MEGA strategy, or projected vehicle delivery estimates." ECF No. 22 at 15-16.

Second, Movant Hanna argues that "the longer class period was alleged by the same counsel now representing Wee whose losses are much lower based on the shorter Banurs Class

7

Period raising the specter that Chaudhary's longer class period was alleged solely to support Wee's claimed estimated losses which are much less under the shorter Banurs class period." ECF No. 24 at 9 (citations omitted); see also ECF No. 22 at 14-15 (arguing that "a court may determine estimated losses based on the more plausible class period especially when complaints alleging other class periods may have been filed solely to support a claim for larger losses" and noting that, here, "the longer class period was alleged by the same counsel now representing Wee whose losses are much lower based on the shorter Banurs class period raising the specter that the Chaudhary Action's longer class period was alleged solely to support Wee's claimed estimated losses which are much less under the shorter Banurs class period").

Movant Wee responds to Movant Hanna's revised position as to the appropriate class period.

Movant Wee begins by arguing that, "[w]here, as here, there are two or more related complaints, it is broadly accepted that the more inclusive class period is favored at the Lead Plaintiff stage," which "[a]ll other competing movants for Lead Plaintiff[, including Movant Hanna,] . . . acknowledg[ed]." ECF No. 23 at 3 (citations omitted). Movant Wee further notes that Movant "Hanna's counsel issued advertisements to investors variously soliciting investors to retain James (Josh) Wilson of the Faruqi firm for the longer class period." Id. at 4.

As to Movant Hanna's first argument, Movant Wee describes the May 20, 2024, statement as a "partial corrective disclosure" relating to "Li Auto['s] . . . dramatically overstated . . . sales during the class period," with "the decreased revenue show[ing] these statements to be false and markets react[ing] accordingly." Id. at 5. Extending the class period to May 20, 2024, was intended to "ensur[e] that all corrective statements were included in the class period." Id.

8

As to Movant Hanna's second argument, Movant Wee discounts the allegations of gamesmanship, explaining that Movant Wee's counsel filed the Chaudhary Action on May 23, 2024, "significantly before the July 9, 2024 end of the statutory period," evidencing that "[t]he length of time between the filing of the complaint and end of the statutory period show that the lengthened class period was not an attempt to ensure that Rosen Law had the largest movant, but because the financial disclosures did not occur until May 20, 2024." Id.  Rather, Movant Wee describes Movant "Hanna and his counsel's reversal in opposition [as] . . . merely motivated by fear of losing their Lead Plaintiff motion, not any genuine reflection on the respective merits of the longer class period." Id. at 5-6.

## ii.     Discussion

In deciding which alleged class period in a consolidated action to apply when determining which potential lead plaintiff has the largest financial interest in the relief sought by the class, courts in this Circuit use the most inclusive class period alleged.  See, e.g., Turpel v. Canopy Growth Corp., 704 F. Supp. 3d 456, 465 (S.D.N.Y. 2023) (noting that "[b]oth movants agree that the longer class period (that proposed in Kantner's complaint) should be used to determine which plaintiff has the largest financial interest in the litigation" (citation omitted)); Rauch v. Vale S.A., 378 F. Supp. 3d 198, 208 n.11 (E.D.N.Y. 2019) (noting that, "[f]or purposes of appointing lead plaintiff in cases involving two potential class periods, courts use the longer class period in the analysis" (citation omitted)); In re Gentiva Sec. Litig., 281 F.R.D. 108, 113-14 (E.D.N.Y. 2012) (noting that "[i]t is undisputed that the class period should begin on July 31, 2008, when the Defendant issued a press release announcing its financial results for the fiscal quarter ending June 29, 2008," but that "varying end dates for the class period have been asserted by the previous named plaintiffs and the present movants"; finding that, "[f]or the purpose of

9

determining a lead plaintiff, . . . the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members"; further reasoning that "[t]he end date of a class period in securities fraud litigation depends on the particular fraud theory advanced," which, in the instant action, was "a fraud-on-the-market theory, where the Defendants' actions allegedly prevented an efficient market from accurately valuing inflated stock prices," such that "a publicly available corrective disclosure . . . [that] provides information that allows an efficient market to adjust . . . marks the end of the class period," as "the class period ends when the full truth has been disclosed to the market and the natural market forces have had a reasonable period of time to receive, digest and reflect the bad news in the market price of the security"; and cautioning that, "[a]t this early stage in the proceedings, it is inappropriate for the Court to adjudicate whether the truth regarding Gentiva's alleged fraud had been fully disclosed to and reflected by the market by a specified date," such that "the Court favors a broader class period at this time" (emphasis in original) (citations & quotations omitted)); In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig., 258 F.R.D. 260, 269 (S.D.N.Y. 2009) (applying "the longest class period identified" in determining which potential lead plaintiff had the largest financial interest in the relief sought by the class (citation omitted)); In re Doral Fin. Corp. Sec. Litig., 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) (holding that, "[f]or the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period of May 15, 2000 through May 26, 2005 is proper, as it encompasses more potential class members, and, according to ¶ 9 and ¶ 13 of the Gagov complaint, is the beginning and end date of the period in which Doral allegedly had been improperly reporting its results due to the improper valuation of floating rate interest-only strips").

10

The Court rejects Movant Hanna's reliance on Villare v. ABIOMED, Inc., Nos. 19 Civ. 7319 (ER) & 19 Civ. 9258 (ER), 2020 WL 3497285 (S.D.N.Y. 2020), an unpublished decision, in advocating for application of the shorter class period alleged in the Banurs Action, in view of critical distinctions from the instant action.  First, in Villare, the second action was filed on the due date for motions to appoint the lead plaintiff in the first action and "hours before the statutory sixty-day window closed, id., at *3, *5 (citation omitted), whereas, here, the Chaudhary Action was filed on May 23, 2024, less than two weeks after the filing of the Banurs Action and more than one month prior to the filing of any motions to appoint the lead plaintiff in either the Banurs Action or the Chaudhary Action.  Second, in Villare, in support of an earlier start date for the class period, the complaint in the second action "proffer[ed] no factual allegations that defendants' statements made in early November 2018 were false or misleading with respect to ABIOMED's declining revenue growth in the following three fiscal quarters of 2019, its lack of a sufficient plan to stem its declining growth, that ABIOMED was unlikely to restore its rate of revenue growth, and that it was reasonably likely to revise its full-year 2020 guidance," id., at *5 (footnote omitted), whereas, here, in support of a later end date, the complaint in the Chaudhary Action alleges that, "on May 20, 2024, before the market opened, Li Auto issued a press release in which it announced that its profit for the first quarter of 2024 had declined by 46%, as compared to the fourth quarter of 2023," which caused "the price of Li Auto's ADS price [to] f[a]ll $3.18 per ADS, or 12.77%, to close at $21.71 per ADS on May 20, 2024," Chaudhary v. Li Auto Inc. et al., 24 Civ. 3725 (FB) (VMS), ECF No. 1 ¶¶ 7-8.

The Court finds that use of the more inclusive class period alleged in the Chaudhary Action, from February 26, 2024 and May 20, 2024, inclusive, is appropriate at this juncture. Selecting the longer class period here is favorable, as the longer class period leaves open for

11

substantive adjudication the claims as to the May 20, 2024 statement in the Chaudhary Action and as the longer class period includes the partial corrective disclosure. The Court finds unconvincing Movant Hanna's unsupported allegations of gamesmanship pertaining to the allegations as to the class period in the Chaudhary Action, particularly given that Movant Hanna, Movant Wee, and all other movants seeking to be appointed the lead plaintiff in the consolidated action initially agreed that such class period should be used at this juncture and that such class period is not without any basis, as in Villare.

### b.   The Largest Financial Interest In The Relief Sought By The Class

Movant Wee has the largest financial interest in the relief sought by the class for the class period alleged in the Chaudhary Action, namely $561,352.62, see ECF No. 16-1 at 6 (citation omitted), a conclusion that Movant Hanna does not dispute, see ECF No. 22 at 5 (stating that Movant Hanna has "losses of approximately $481,163.21 in connection with class period purchases of Li Auto Inc. . . . securities in the longer class period contained in the second filed Chaudhary Complaint"); id. at 6 (stating that Movant Wee "reported higher losses for the longer class period alleged in the Chaudhary complaint").

### 3.   Whether Movant Wee Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure Pursuant To 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)

The applicable requirements of Federal Rule of Civil Procedure 23 "mandate that 'the claims or defenses of the representative parties [be] typical of the claims or defenses of the class,' Fed. R. Civ. P. 23(a)(3), (the 'typicality' requirement), and that 'the representative parties . . . fairly and adequately protect the interests of the class,' Fed. R. Civ. P. 23(a)(4) (the 'adequacy' requirement)." Chilton v. Chiumento Grp., 365 F. App'x 298, 299-300 (2d Cir. 2010).

### a.  Typicality Pursuant To Federal Rule Of Civil Procedure 23(a)(3) And 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)

Based on the current record, the Court finds that Movant Wee is typical of the class.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [be] . . . typical of the claims or defenses of the class."

Movant Wee contends that his "claims are typical of the claims asserted by the Class," as he, "like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business."  ECF No. 16-1 at 7; see also ECF No. 21 at 3 (stating that Movant Wee's "claims are . . . typical of other class members because his claims arise from the same legal theories and same nucleus of fact" and that his "interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' fraud").  Movant Wee is "not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class."  ECF No. 16-1 at 8.

Movant Hanna raises that Movant "Wee appears to be an analyst at DBS Bank, which covers Li Auto," as a basis for "call[ing] into question his . . . typicality," given that "DBS analysts appear not to be subject to the same level of regulatory scrutiny that prohibits communications with companies they cover like analysts in the U.S. are, which raises the specter that Wee may have traded based on inside non-public information."  ECF No. 24 at 8 (citations omitted); see also ECF No. 22 at 12-13.

As to Movant Hanna's argument regarding Movant Wee's employment, Movant Wee submitted a declaration informing the Court that he "relied on publicly available information in purchasing Li Auto, Inc. . . . stock" and "did not rely on non-public information in" doing so, ECF No. 23-4 ¶ 2; that speculation that Movant Wee traded stock based on non-public

13

information is "false," id. ¶ 3; that Movant Wee "left DBS Bank in 2011," which was "four years before Li Auto was even founded," id. ¶ 4; and that Movant Wee's work at DBS Bank, and subsequent work at HSBC, dealt with commodity and structured trade finance, unrelated to equity markets, and that his later work at Vitol Asia concerned treasury, structured finance, banking management, and business development and trading, id. ¶¶ 5-7.  Given the lack of temporal connection between Movant Wee's work at DBS Bank and the events at issue in this action, the Court finds Movant Hanna's objection to Movant Wee's appointment as the lead plaintiff on this basis unconvincing and insufficient to rebut the presumption of Movant Wee's ability to serve as the lead plaintiff.

        **b.**        **Fair And Adequate Representation Pursuant To Federal Rule Of Civil Procedure 23(a)(4) And 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)**

Based on the current record, the Court finds that Movant Wee is a fair and adequate representative of the class.

Federal Rule of Civil Procedure 23(a)(4) requires that "the representative parties . . . fairly and adequately protect the interests of the class."

Movant Wee contends that he "has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff"; that he "is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class"; and that he "sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action."  ECF No. 16-1 at 7-8.  Movant Wee further informs the Court, through counsel, that he "lives in Singapore," that he "earned an engineering degree from Nanyang Technological University," and that he "has been investing for more than a decade."  Id. at 8; see ECF No. 23 at 6 (citation omitted).

14

Movant Hanna takes issue with Movant Wee's provision of biographical information by his counsel, rather than through "a sworn declaration," and the "sparse" nature of the information provided. ECF No. 24 at 7; see ECF No. 22 at 11-12. Movant Hanna raises the same arguments raised with regard to typicality relating to DBS Bank as to fair and adequate representation. See ECF No. 24 at 8; ECF No. 22 at 12-13. Movant Hanna also takes issue with Movant Wee's PSLRA certification, which "fail[s] to state whether he agrees with the complaint's allegations and adopts them, including whether he relied on public information to make his Li Auto transactions." ECF No. 22 at 11 (citation omitted).

As to Movant Hanna's objection to the presentation of Movant Wee's biographical outside of a sworn declaration, the Court is unaware of any requirement to do so, but, nonetheless, Movant Wee ameliorated any such concern by subsequently filing a sworn declaration to that effect. See generally ECF No. 23-4. As to Movant Hanna's objection to the alegedly sparse amount of biographical information provided about Movant Wee, namely his place of residence, educational background and decade of investment experience, see ECF No. 16-1 at 8, without determining whether the information initially provided about Movant Wee was insufficient, again, Movant Wee ameliorated any such concern by providing further background information demonstrating a significant career in the financial industry, see generally ECF No. 23-4, which may aid Movant Wee in his role as the lead plaintiff. The Court has addressed Movant Hanna's argument related to DBS Bank, supra, Sec. I(B)(3)(a). As to Movant Hanna's objection to Movant Wee's PSLRA certification field pursuant to 15 U.S.C. § 78u-4(a)(2)(A), Movant Wee's certification complies with the applicable requirements, see generally ECF No. 16-4, such that any related argument is unconvincing.

15

### C.    Whether The Lead Plaintiff's Selected Counsel Should Be Approved As Class Counsel

The Court approves Movant Wee's selected counsel as class counsel.

The PSLRA provides that [t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

Movant Wee "has selected The Rosen Law Firm, P.A. as Lead Counsel." ECF No. 16-1 at 9. Movant Wee's selected counsel "has an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities actions in this District and in other courts throughout the nation." Id. (citation omitted). In 2019, the selected counsel was ranked by the ISS Institutional Securities Class Action Services "as the Number 3 securities class action firm both in terms of amount recovered for investors – $438,340,000 – and the number of settlements – 12." ECF No. 21 at 6 (citation omitted). Furthermore, Movant Wee's selected counsel "has extensive experience litigating numerous securities actions against Chinese issuers and employs Chinese trained and speaking counsel and other professionals on staff," having "leverage[d] these resources and its Chinese know-how to secure a $250 million cash settlement from Alibaba after extensive discovery – including review of 1.1 million pages of documents (nearly all of the documents being in Chinese), 22 fact depositions, many of which were in Hong Kong, substantial expert discovery, and class certification." Id. at 5-6 (citations omitted). As to this consolidated action, the selected counsel which "has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants, and filing the second of the two related cases." ECF No. 16-1 at 9.

16

Movant Wee's selected counsel is qualified to represent the class in this consolidated action, having demonstrated extensive experience litigating securities class actions and particular skill in litigating such actions involving Chinese issuers.  Furthermore, no party has raised any arguments in opposition to the selected counsel's approval as class counsel.  As such, the Court approves Movant Wee's selected counsel as class counsel.

## II.  CONCLUSION

For the reasons set forth above, the Court grants Movant Wee's motion and denies Movant Hanna's motion.  Accordingly, the Clerk of Court is directed to consolidate the <u>Banurs</u> Action and the <u>Chaudhary</u> Action under the <u>Banurs</u> caption and docket number; Movant Wee is appointed the lead plaintiff in the consolidated action; and The Rosen Law Firm, P.A., through counsel Phillip Kim, is approved as lead class counsel.

Dated: Brooklyn, New York
December 30, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge