

Jing Chen
jchen@rosenlegal.com

April 28, 2025

**By ECF**

Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East,
Brooklyn, New York 11201

Re: *Banurs v. Li Auto Inc. et al.,* Case No: 1:24-cv-03470 (E.D.N.Y)

Dear Judge Scanlon:

We represent Lead Plaintiff Low Chig Wee and named plaintiff Yves S. Dorvil ("Plaintiffs") in the above-referenced action. Pursuant to Your Honor's April 24, 2025 order, we write to update the Court on the status of service of process on non-appearing Defendants Xiang Li, Tie Li, Dongui Ma, and Liangjun Zou ("Individual Defendants").

Upon filing the operative amended complaint on March 27, 2025 (Dkt. No. 30, "Complaint"), Plaintiffs diligently and promptly arranged for service on the Individual Defendants in accordance with the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). This was based on Plaintiffs' information and belief that the Individual Defendants currently reside in the People's Republic of China ("China"), and on the fact that both the United States and China are signatories to the Hague Service Convention.

Plaintiffs' efforts included the following: (1) prompt submission of a proposed summons for service on the Individual Defendants; (2) translation of the Complaint and issued summons into Mandarin Chinese, as required by the Chinese government under the Hague Service Convention; (3) completion of the Convention service request model forms for submission to the Chinese Ministry of Justice, requesting that service be effectuated on the Individual Defendants; (4) wiring of the required service fees in accordance with the Chinese government's instructions, as outlined on the official Hague Service Convention website; and (5) mailing of the service request forms, along with copies of the Complaint, summons, and their Chinese translations, to the Chinese Ministry of Justice via FedEx. The Chinese Ministry of Justice received Plaintiffs' requests on April 27, 2025.

To date, the Chinese Ministry of Justice has not advised Plaintiffs whether service was successful. Based on Plaintiffs' counsel's prior experience, it typically takes the Chinese Ministry of Justice

six months to one year to effectuate service. Plaintiffs will promptly file proofs of service on the Individual Defendants upon receipt from the Chinese government. *See* Fed. R. Civ. P. 4(m) (the general rule under Federal Rule of Civil Procedure 4(m) "does not apply to service in a foreign country under Rule 4(f)"); *see also Burda Media, Inc. v. Blumenberg*, No. 97 CIV.7167(RWS), 2004 WL 1110419, at *5–6 (S.D.N.Y. May 18, 2004), *aff'd sub nom. Burda Media, Inc. v. Viertel*, 417 F.3d 292 (2d Cir. 2005) (finding service per the Hague Service Convention timely even though the plaintiff did not prepare the Hague service request until 310 days after filing the complaint).

If the Court has any questions, please contact undersigned counsel.


Respectfully submitted,

/s/ *Jing Chen*
Jing Chen

cc: All counsel (via ECF)

**THE ROSEN LAW FIRM, P.A.   275 MADISON AVENUE, 40TH FLOOR   NEW YORK, NY 10016   TEL: (212) 686-1060   FAX: (212) 202 - 3827**